221 F.2d 115
 Michael STELLA, on behalf of himself and all other
stockholders of Kaiser-Frazer Corporation,
Plaintiff-Appellant,
v.
Henry J. KAISER, Joseph W. Frazer, Edgar F. Kaiser, G. G.
Sherwood, E. E. Trefethen, Jr., Clay P. Bedford, W. A.
MacDonald, O. B. Motter, Hickman Price, Jr., Walston S.
Brown and Kaiser-Frazer Corporation, Defendants-Appellees.
 No. 60, Docket 23107.
 United States Court of Appeals Second Circuit.
 Submitted Feb. 21, 1955.
Decided April 11, 1955.
 
 Lewis M. Dabney, Jr., New York City, for plaintiff-appellant.
 Willkie, Owen, Farr, Gallagher & Walton, New York City, for appellee, Kaiser-Frazer Corp.
 Corbin, Bennett & Delehanty, New York City, for appellees, Henry J. Kaiser, Joseph W. Frazer, Edgar F. Kaiser, G. G. Sherwood, E. E. Trefethen, Jr., Clay P. Bedford, W. A. MacDonald, O. B. Motter, Hickman, Price, Jr., and Walston S. Brown.
 Before CLARK, Chief Judge, and L. HAND and FRANK, Circuit Judges.
 L. HAND and FRANK, Circuit Judges.
 
 
 1
 The appellant begins his petition by saying that it is 'addressed to the concurring opinion,' and for that reason we confine ourselves to the point raised therein. First, we hold that the question whether the release of those who were defendants in the Michigan action is a release of Brown is a question of federal law, because the only claim in suit arises under the Securities Exchange Act of 1934, 15 U.S.C.A. 78a et seq. Garrett v. Moore-McCormack, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239; Dice v. Akron, etc., Railroad Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398. Tested by federal law the appeal falls directly within the doctrine of McKenna v. Austin, 77 U.S.App.D.C. 228, 134 F.2d 659, 664, 148 A.L.R. 1253, for the releasor-- i.e., the corporation-- expressly included Brown in the release, which can leave no doubt as to its intent. We repeat what we thought we had said before: the question is not whether the Michigan judgment is res judicata here; Bigelow v. Old Dominion Copper and Smelting Company, 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, has no bearing on the appeal. Nor would it better the plaintiff's case, had it appeared that the corporation did not add anything to the consideration for the inclusion of Brown. The only relevant fact is that the corporation's release of the defendants in the Michigan action is beyond any challenge by it, whether it is represented by this plaintiff or any other shareholder. That being so, the sole and only question is whether that release ipso facto effected a release of Brown; as it did, because such is the federal law.
 
 
 2
 The petition is denied.
 
 
 3
 CLARK, Chief Judge (concurring).
 
 
 4
 I concur in the result reached, but still believe that emphasis on intent without recognition or notice of the crucial role of the federal rule in making that intent operative misstates the problem. It is Hamlet with the Prince's role omitted Stella and the other stockholders were pursuing a right of action which they had (whether one adds 'in right of the corporation' or not). Unless they consented or lost on a judgment on the merits-- actually they could not have consented less and there was no trial-- the only way they could be eliminated was by operation of F.R. 23(c), 28 U.S.C., in the way stated in my original opinion. The opinion herewith has to get its authority from the rule's operation; so to recognize now would avoid confusion in the event of future resort to the decision as a precedent.