DALE HILTON, INC., Plaintiff,

v.

TRIANGLE PUBLICATIONS, INC., Jonathan Logan, Inc., Teena-Paige Fashions, Inc., Federated Department Stores, Inc., Allied Stores Corporation, B. Altman & Co., Inc., Best & Company, Inc., Associated Dry Goods Corporation, City Stores Company, Hecht Co., Woodward & Lothrop, Inc., and Gimbel Brothers, Inc., Defendants.

United States District Court
S. D. New York.

Oct. 28, 1961.

See also 27 F.R.D. 468.

Regan, Goldfarb, Powell & Quinn, New York City, Sidney P. Howell, Jr., Paul J. Quinn, New York City, Monte E. Wetzler, New York City, of counsel, for plaintiff.

William B. Jaffe, New York City, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., Harold E. Kohn, Dolores Korman, Philadelphia, Pa., of counsel, for defendant Triangle Publications, Inc.

Sullivan & Cromwell, New York City, Frederick A. Terry, Jr., New York City, of counsel, for defendant Allied Stores Corporation.

METZNER, District Judge.

Defendant Triangle Publications, Inc., moves for summary judgment pursuant to Fed.R.Civ.P. 56, 28 U.S.C.A.

The complaint originally named 12 defendants, but three of these were never served. Summary judgment was granted as to two of the defendants, and of the remaining 7 defendants the complaint was dismissed as to four of them pursuant to settlement agreements with the plaintiff. Defendant Triangle bases this motion on the documents entered into in connection with the dismissal against defendant Allied Stores Corporation.

The complaint alleges a conspiracy by the defendants in violation of Sections 1 and 2 of the Sherman Act (15 U.S.C.A. §§ 1, 2). The defendants are joint tortfeasors. Solar Elec. Corp. v. General Elec. Co., D.C.W.D.Pa.1957, 156 F.Supp. 51, 58; Combined Bronx Amusements,

Inc. v. Warner Bros. Pictures, D.C.S.D. N.Y.1955, 132 F.Supp. 921; Rector v. Warner Bros. Pictures, D.C.S.D.Cal.1952, 102 F.Supp. 263. The moving defendant in seeking judgment relies on the doctrine that the release of one joint tort-feasor releases all of the defendants.

The documents consist of (1) correspondence between the attorneys, (2) a "Covenant Not To Sue" dated May 9, 1961, and (3) an "Agreement And Release" dated May 31, 1961. The court finds that the correspondence between the attorneys should not be considered on this motion, since it is preliminary to the embodiment of the agreement of the parties found in the "Covenant Not To Sue" and the "Agreement And Release."

The "Covenant Not To Sue" provides that the plaintiff "hereinafter referred to as 'Covenantors' * * * covenant and agree" that they will not institute, maintain or prosecute any claim against Allied Stores with relation to any of the matters referred to in the instant complaint. It runs only in favor of Allied Stores, "hereinafter referred to as 'Covenantees'", with an express reservation that it will not inure to the benefit of any of the other defendants in the litigation and that it will not limit or prevent the Covenantors from prosecuting or continuing any claims against any one other than the Covenantees, whether or not the Covenantees are claimed to have been joint tort-feasors with such other person.

The "Agreement And Release" provides that plaintiff releases Allied Stores from all claims except with relation to the matters in suit.

■ The question whether the documents here comprise a release rather than a covenant not to sue is a question of federal law, because the only claim in suit arises under the antitrust statute. Stella v. Kaiser, 2 Cir., 1955, 221 F.2d 115, certiorari denied 350 U.S. 835, 76 S.Ct. 71, 100 L.Ed. 745. The court cannot accept the distinction attempted to be drawn by the plaintiff, that the effect of a release as to joint tort-feasors may be governed by federal law, but the question whether the documents are in fact a release should be governed by state law. Since the jurisdiction of the court is predicated on a federal question, then federal law must determine all problems arising in the litigation. Dice v. Akron, C. & Y. R. Co., 1952, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398; Garrett v. Moore-McCormack Co., 1942, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239.

■ Whether a document is a covenant not to sue or a release sometimes presents a very close question. The reason for this is that the courts and the authorities have criticized the strict common-law rule that the release of one joint tort-feasor releases all. E. g., McKenna v. Austin, 1943, 77 U.S.App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253; Prosser, Torts § 46, at 243–46 (2d Ed. 1955); Restatement, Torts § 885, comments b–d. However, where the court can possibly interpret the document as a covenant not to sue, it will do so. E. g., Clapper v. Original Tractor Cab Co., 7 Cir., 1959, 270 F. 2d 616, certiorari denied 1960, 361 U.S. 967, 80 S.Ct. 588, 4 L.Ed.2d 547; Carey v. Bilby, 8 Cir., 1904, 129 F. 203.

It is true that in Dura Elec. Lamp Co. v. Westinghouse Elec. Corp., 3 Cir., 1957, 249 F.2d 5, the court held, on a motion for summary judgment in an antitrust case, that defendant's application for judgment should be sustained because the plaintiff had given a valid and unconditional release to one of the parties defendant. However, the court pointed out:

"It is to be noted that the language of the release is as general as language can be. There is nothing by which it may be interpreted as a covenant not to sue. There is nothing which even hints at a reservation of rights." 249 F.2d at page 7.

The documents here are couched in the terms of a covenant not to sue and include an express reservation against other parties.

■■ The cases indicate that a document will be construed as a covenant not to sue when it speaks in terms of cove-

640

nanting not to sue rather than releasing, when it contains an express reservation of rights against other persons, and when it is given in consideration of an amount that clearly is not in full satisfaction of plaintiff's claim. Clapper v. Original Tractor Cab Co., supra; Henry Fuel Co. v. Whitebread, 1956, 99 U.S.App.D.C. 9, 236 F.2d 742; McKenna v. Austin, supra, cited with approval in Stella v. Kaiser, supra; Rector v. Warner Bros. Pictures, supra. The documents that have been held to be releases possessed none of these characteristics. Panichella v. Pennsylvania R. Co., 3 Cir., 1959, 268 F.2d 72, certiorari denied 1960, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353; Dura Elec. Lamp Co. v. Westinghouse Elec. Corp., supra; Combined Bronx Amusements, Inc. v. Warner Bros. Pictures, supra.

Motion denied. So ordered.