Ferdinand E. SUEHLE, individually and t/a F. T. Suehle & Son, and Isomac Corporation

v.

MARKEM MACHINE COMPANY.

Civ. A. No. 31168.

United States District Court
E. D. Pennsylvania.

July 27, 1965.

Dilworth, Paxson, Kalish, Kohn & Dilken, Aaron M. Fine, Philadelphia, Pa., for plaintiff.

Dorfman, Pechner, Sacks & Dorfman, Bernard Sacks, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This action for damages for alleged breach of contract is before us on plaintiffs' motion for leave to amend the complaint.

The first count, briefly, alleges defendant's wrongful termination in February 1962, of a contract under which plaintiff Suehle had been defendant's sales representative since April 1951, for certain machines and machine products in a specified territory.

The second count states a claim for commissions allegedly due Suehle from defendant under another contract terminated in June 1961.

The third count charges defendant with the wrongful termination in February 1961, of a contract made in 1958, whereby Suehle became defendant's exclusive sales representative for defendant's machines and machine products in a designated area, "in consideration of the surrender by plaintiff of his right to receive thereafter commissions from tape suppliers on sales of tape used in connection with defendant's machines."

Defendant filed an answer to the complaint and a counterclaim demanding judgment against plaintiff in the sum of $28,836.62 for a balance alleged to be due it from plaintiff.

Plaintiff now proposes to amend the complaint to allege a cause of action for treble damages and injunctive relief for violations of Sections 1 and 2 of the Sherman Act. The proposed amendment alleges that defendant has achieved and maintained a dominant monopoly position in the manufacture of machines used for specially printed and coded tags or labels in the textile and apparel industry, through various unlawful practices; that to extend this monopoly it acquired plaintiff's tape business in 1958, inducing the transfer by designating plaintiff as its sales representative in a certain area; that, thereafter, having assimilated plaintiff's tape business, defendant wrongfully terminated plaintiff's engagement as its sales representative. In 1962, it is alleged, having learned that plaintiff was seeking to engage in competition with defendant in the sale of tape and other supplies and accessories for use with defendant's machines, defendant combined and conspired with tape suppliers so that they refused to fill plaintiff's tape orders or to supply tape to plaintiff, in violation of the Sherman Act.

Rule 15(a) of the Federal Rules of Civil Procedure provides that: " * * * [a] party may amend his pleading * * * by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *."

In the circumstances, we think that justice does not require grant of leave to amend. The action was instituted on March 15, 1962, and has been at issue since August of that year, when plaintiff's answer to defendant's counterclaim was filed. The case is now ready for pre-trial conference and shortly thereafter will be listed and called for trial.

Plaintiff's former counsel indicated to defendant's counsel at a deposition hearing in August 1962, a probable disposition to amend the complaint to include an antitrust count. Some months later,

plaintiff's former counsel did send a copy of a proposed amended and supplemental complaint to defendant's attorney, who refused to agree to the amendments. No motion to amend was then filed.

The present motion to amend was not filed until February 11, 1965. Plaintiff attempts to excuse the delay by the statement that "plaintiff was struggling to establish a new business in the face of the difficulties created by defendant's interference with his tape business and could not during that period undertake the expense of preparation in preparing an antitrust claim." Whatever such expense may have been, the cost of filing a timely application for leave to amend would have been minimal.

We are persuaded that plaintiff's delay was without justification, and that the grant of leave to amend would be highly prejudicial to defendant. Defendant is entitled to a trial of its counterclaim. The action is a simple breach of contract suit with a counterclaim; the issues are relatively uncomplicated, and a trial should be comparatively short. To add a claim under the antitrust laws now, necessarily involving lengthy, extensive discovery proceedings, would unduly complicate the issues, result in unnecessary confusion and unjustifiably delay defendant in the trial of its counterclaim. Plaintiff is not barred from asserting his antitrust claims in a separate action.

Plaintiff relies upon the rule stated in Foman v. Davis, 371 U.S. 178, at p. 182, 83 S.Ct. 227, at p. 230, 9 L.Ed.2d 222 (1962):

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

However, plaintiff overlooks the very next sentence (p. 182, 83 S.Ct. p. 230):

> "In the absence of any apparent or declared reason—*such as undue delay*, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party by virtue of allowance of the amendment*, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" (Emphasis supplied.)

A comparable situation was presented in Portsmouth Baseball Corporation v. Frick, 21 F.R.D. 318 (S.D.N.Y.1958), where plaintiff moved to amend its complaint to join a claim for violation of the antitrust laws to the originally asserted claim for breach of contract. In denying the motion, the Court used language equally pertinent here, at p. 320:

> "The defendants reasonably complain that at this late date, on the eve of trial, they would be put to the task of further answer, further pretrial motions and discovery, further preparation and further expense. In my opinion, this is not a situation where the proposed amendment adds little to the claim as originally stated, so that the defendants, having from the beginning had notice of the general nature of the claim asserted, would not be prejudiced. See Hirshhorn v. Mine Safety Appliances, D. C., 101 F.Supp. 549. Rather this is a situation where the plaintiff has long been aware of the basis of its proposed claim but has delayed making it until after the case was ready to be assigned out for trial, to the prejudice of the defendants and in derogation of their right to a just, inexpensive and speedy trial."

We cannot accept plaintiff's contention that the proposed amendment

would merely state an alternative theory for recovery "involving consideration of identical facts." To the contrary, the amendment would present an entirely different cause of action based on a totally different set of operative facts. The acquisition of Suehle's tape business in 1958 is the only operative fact common to the separate and distinct causes of action,—or claims, to use the preferred terminology of the Rules of Civil Procedure. However, the similarity of the facts is not the dispositive consideration. As stated in the Frick case, supra, 21 F.R.D. at p. 320:

> "The plaintiff further asserts in justification for its motion to amend that the facts upon which the new cause of action is based are essentially the same as those upon which the existing cause of action is based. Certainly both are based upon the facts of the radio and television broadcasting of major league games, but the scope, significance and ramifications of the proposed cause of action for violation of the antitrust laws vastly expand the ground to be covered by a claim for violation of contract."

Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962), and Davis v. Yellow Cab Company, 35 F.R.D. 159 (E.D.Pa.1964), relied upon by plaintiff, are not in point. In each case, the amendment merely stated an alternative theory for recovery on essentially the same claim,—compensation for services rendered in the one, and damages for negligent personal injury in the other. There is an obvious and fundamental distinction between the assertion of the same claim, albeit on an alternative theory of recovery, and the assertion of a separate and distinct claim, based on a totally different set of operative facts.

### ORDER

Now, July 27th, 1965, after careful consideration, it is ordered that plaintiff's motion for leave to amend the complaint be, and it is, denied.