Albert BRADICK, Appellant,

v.

Ivan ISRAEL, Edward A. Kole and
Stanley Kligfeld, Appellees.

No. 414, Docket 31111.

United States Court of Appeals
Second Circuit.

Argued April 14, 1967.

Decided May 1, 1967.

Nicholas Atlas, Anthony H. Atlas, Atlas, Berg & Mendalis, New York City, for appellant.

Ivan Israel, pro se.

Louis J. Martine, J. Kenneth Thompson, McMahon & Martine, New York City, for appellee Kole.

Stanley Kligfeld, New York City, pro se.

Before MOORE, SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant, Albert Bradick, instituted the present action against appellees, Ivan Israel, Edward Kole and Stanley Kligfeld, for malicious prosecution. The "prosecution" complained of was an application by Israel, a judgment creditor, in June of 1962, to the United States District Court for a body execution against Bradick, the judgment debtor, to enforce a judgment in the amount of $14,000 outstanding since 1958.

The *ex-parte* application was made pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and § 764 of the (then effective) New York Civil Practice Act. The supporting affidavit signed by Israel and prepared by his attorney, Kligfeld, stated that:

" * * * deponent has made no previous application to any Court or

Judge for the relief prayed for herein."

However, in 1959, a prior body execution had been applied for and obtained by Israel and his attorney at that time, Kole. The 1959 body execution had issued pursuant to the original judgment which specifically included the right to body execution for its enforcement.

On the eve of trial of the present action, more than four years after the filing of the original complaint, and after Bradick had represented to the court that the case was ready for trial, Bradick moved to amend his complaint by adding three new causes of action. The trial judge denied the motion on the ground that substantial delay would result as the amendment consisted of novel theories of law with new problems of proof.

After trial to the court, Judge Herlands rendered a general verdict for the defendants. A jury trial and findings of fact had been waived by the parties. Formal judgment was entered for the defendants on November 4, 1966.

Bradick appeals from the denial of his motion to amend the complaint and from the judgment on the merits.

■ Under the circumstances, Judge Herlands did not abuse his discretion in denying the motion to amend. Wheeler v. West India S.S. Co., 205 F.2d 354 (2d Cir.), cert. denied 346 U.S. 889, 74 S.Ct. 141, 98 L.Ed. 393 (1953); Dale Hilton Inc. v. Triangle Pub. Inc., 5 F.R.S.2d 185 (S.D.N.Y.1961); 3 Moore, Federal Practice § 15.08[4].

■ Under the relevant law, that of New York, a cause of action for malicious prosecution will not lie if the prosecution complained of was not "begun in malice" or if it ended in success for the prosecuting party. See, Burt v. Smith, 181 N.Y. 1, 5, 73 N.E. 495 (1905).

■ As findings of fact were waived and the verdict was general, we can only assume that Judge Herlands found no malice on the part of the defendants. Furthermore, the record supports such a conclusion.

■ The body execution ended in success for the appellees as Bradick was released from custody only after he had consented to submit to a second financial examination. The result of that examination was the payment by him of some $280.00 on the judgment.

Affirmed.