**Carl JOHNSON, Plaintiff,**

**v.**

**SALES CONSULTANTS, INC., a corporation, and Management Recruiters, Inc., a corporation, Defendants.**

**No. 72 C 1588.**

United States District Court,
N. D. Illinois, E. D.

Dec. 7, 1973.

---

Robert Landesman, Chicago, Ill., for plaintiff.

Earl E. Pollock, Duane C. Quaini, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff's motion for leave to file an amended complaint and to vacate this Court's order of February 12, 1973 granting a stay of these proceedings pending arbitration.

The plaintiff Carl Johnson is a citizen of the State of Illinois. The defendants Sales Consultants, Inc. ("SCI") and Management Recruiters, Inc. are corporations, incorporated under the laws of the State of Ohio and the State of Delaware, each having its principal place of business in a state other than the State of Illinois. The matter in controversy exceeds, exclusive of interest and costs, the sum of ten thousand dollars.

Plaintiff commenced this action on June 28, 1972 by filing his original complaint. On July 27, 1972 he filed an amended complaint. This first amended complaint contains five counts, alleging in substance that the defendants have been guilty of fraudulent misrepresentations in their dealings with plaintiff. The lawsuit arises out of a franchise agreement entered into between plaintiff and Sales Consultants International, Inc., the predecessor of defendant SCI, on February 20, 1970, by which plaintiff was granted an exclusive license to use the name "Sales Consultants of Skokie" and to operate a sales and marketing personnel placement service under that name in consideration of certain sums to be paid by plaintiff to SCI.

On November 14, 1972, in lieu of an answer, defendant filed a motion to stay this action pending arbitration pursuant to Section 3 of the Federal Arbitration Act (9 U.S.C. § 3). On February 12, 1973 this Court entered an order granting the motion and staying all proceedings in this action pending arbitration of the dispute between the parties.[1]

It was not until August 21, 1973, six months and a number of status reports after the February 12, 1973 order, that the plaintiff filed the instant motion to amend the amended complaint.

The proposed amended complaint substantially changes the plaintiff's cause of action. There is no mention in the proposed amended complaint of fraud in the inducement; rather the proposed

---

1. This order was based on the fact that the franchise agreement contains a clause requiring the parties to arbitrate all disputes which arise under the agreement. It is well settled that the plaintiff's claim of fraud in the inducement of the agreement came within the ambit of the arbitration clause and thus that Section 3 of the Federal Arbitration Act requires arbitration of the dispute prior to any further Court proceedings in this action. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

amended complaint sets forth a cause of action based on certain alleged violations of Section 1 of the Sherman Act and Section 3 of the Clayton Act. Defendants are alleged to have violated these statutory provisions in the course of their relationship with plaintiff under the franchise agreement.

The plaintiff in support of his instant motion contends:

1. The Federal Rules of Civil Procedure, Rule 15(a) permits the plaintiff herein to amend his complaint upon leave of court.

2. The order of February 12, 1973 must be vacated because this Court must first decide the alleged anti-trust violations contained in the proposed complaint before the dispute may be submitted to arbitration.

The defendant, in opposition to the instant motion contends that the plaintiff's motion to amend the instant complaint fails to meet certain standards of Rule 15(a) of the Federal Rules of Civil Procedure and thus the plaintiff's motion should be denied.

It is the opinion of this Court that the plaintiff's motion for leave to amend the instant complaint should be denied and this Court's order of February 12, 1973 should not be vacated.

■ A motion for leave to file an amended complaint is addressed to the sound discretion of the Court and must be decided upon the facts and circumstances of each particular case. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Ricciuti v. Voltarc Tubes, Inc., 277 F.2d 809 (2nd Cir. 1960); Hall v. National Supply Co., 270 F.2d 379 (5th Cir. 1959). The power of a court to permit amendments to a complaint should not be used to completely change the theory of the case after the case has been submitted to the Court on another theory without some showing of lack of knowledge, mistake or inadvertence or some change of conditions over which that party had no knowledge or control. The plaintiff in the proposed amended complaint has substantially changed the theory of the instant action from fraud in the inducement to an anti-trust action. It is the opinion of this Court after examining the proposed amended complaint and the plaintiff's memoranda in support that the plaintiff has failed to present sufficient reasons for changing the theory of the instant action at this time. Thus the plaintiff's motion for leave to file an amended complaint should be denied.

■ Further, while a trial judge's discretion to permit amendments to pleadings under Rule 15(a) is broad, the discretion is not so broad as to permit an amendment when the opposing party would be substantially prejudiced.

The defendants in the instant action contend that they will be substantially prejudiced by the plaintiff's proposed amended complaint. More specifically, the defendants contend that the prejudice to the defendants by the proposed amended complaint is apparent from contrasting the lengthy, complex and expensive discovery proceedings and trial which defendants will be forced to undergo on plaintiff's new cause of action and the speedy inexpensive relief which would be afforded to both parties by the arbitration proceedings provided for in the franchise agreement and by this Court's order of February 12, 1973.[2]

2. The defendants further contend that the plaintiff has apparently concluded that the settlement of the instant dispute through arbitration is unsatisfactory and that he now seeks to use this Court and the Federal Rules of Civil Procedure as a means of evading his contractual commitments to arbitrate.

Regardless of any prejudice to the defendants due to the substantial changes in the plaintiff's theory, the plaintiff's motion to amend presents a problem of undue and unjustified delay. There is no indication that the purported conduct giving rise to the alleged anti-trust violations was either "over looked or unknown" at the time the plaintiff filed his original complaint. Plaintiff delayed 14 months from the filing of the original complaint, over 9 months from the date of defendants' motion to stay proceedings and over 6 months after the Court's order granting defendants' motion, before he filed the pending motion to amend under Rule 15(a). Furthermore, during the 6 months between this Court's order and the filing of the instant motion, plaintiff allegedly never indicated to the defendants his intention to file an amended complaint abandoning his original cause of action, but rather he repeatedly reported that he was merely considering whether or not to proceed with arbitration. This undue delay constitutes sufficient grounds in and of itself for denying plaintiff's motion under Rule 15(a). See, e. g., Foman v. Davis, *supra*; Freeman v. Continental Gin Co., 381 F.2d 459 (5th Cir. 1967). The plaintiff has offered no explanation for his delay in filing the pending motion. Where there has been such lack of diligence, the burden is on the party seeking to amend under Rule 15(a) to show that the delay was due to oversight, inadvertance, or excusable neglect.

Thus, it is proper and just to deny the plaintiff's motion to amend the instant complaint. Further, since there has been no change in the posture of the instant action, this Court's order of February 12, 1973 should not be vacated.

Accordingly the plaintiff's motion for leave to file an amended complaint and to vacate this Court's order of February 12, 1973 is denied.