**A. CHERNEY DISPOSAL CO. and O. Z. Miller, Ltd., Plaintiffs,**

**v.**

**CHICAGO & SUBURBAN REFUSE DISPOSAL CORP. et al., Defendants.**

**No. 70 C 1052.**

United States District Court, N. D. Illinois, E. D.

Aug. 19, 1975.

Jerrold E. Salzman, D. Alan Harris, Chicago, Ill., for plaintiffs.

Glenn W. McGee, Joseph V. Giffin, W. Donald McSweeney, Wayne A. McCoy, Chicago, Ill., for defendants.

RULING ON MOTION

AUSTIN, District Judge.

Plaintiffs filed the original complaint in this action on May 4, 1970, joining 29 defendants and stating a single claim under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2 (1970). More than five years later, after extensive

discovery and a successful appeal from a dismissal on the jurisdictional question still to be resolved, plaintiffs now have moved to amend and supplement their complaint by adding six new defendants and three new counts. As amended, the complaint would name all the new defendants under the present single count, but would name only a few of the original defendants under the four new counts. Two of the proposed counts assert claims only against new defendants.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading after a responsive pleading has been filed, but "only by leave of court or by written consent of the adverse party." Rule 15(d) gives the court similar discretionary power to permit supplementary pleadings. Nothing in the Rules prohibits the addition of new claims and defendants by amendment.

Rule 15(a) provides that "leave shall be freely given when justice so requires," and the Supreme Court has held that leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. . . ." *Foman v. Davis,* 371 U.S. 178, at 182, 83 S.Ct. 227, at 230, 9 L.Ed.2d 222 (1962). That language infers, and the precedent is nearly unanimous in holding, that denial of a motion to amend may not be based solely on the fact that it is offered late in the case. 3 *Moore's Federal Practice* ¶ 15.08. The proper inquiry, and the one to be undertaken here, is whether the amendment would result in undue prejudice to defendants. *United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); *Hageman v. Signal L. P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973); *Strauss v. Douglas Aircraft,* 404 F.2d 1152, 1158 (2d Cir., 1968); *United States v. International Business Machines Corp.,* 1975 Trade Cases ¶ 16,104 (S.D.N.Y.); 3 *Moore's Federal Practice* ¶ 15.08[4]. Where substantial prejudice is demonstrated, the amendment will be denied. *See, e. g., Suehle v. Markem Machine Co.,* 38 F.R.D. 69 (E.D.Pa.1965). A similar analysis is required under Rule 15(c). *See Reid v. International Union,* 479 F. 2d 517 (10th Cir. 1973), *cert. denied,* 414 U.S. 1076, 94 S.Ct. 572, 38 L.Ed.2d 483 (1973); *Montgomery Environmental Coalition v. Fri,* 366 F.Supp. 261, 265–66 (D.D.C.1973).

Prejudice is generally found in cases characterized by some or all of the following circumstances: The motion comes on the eve of trial after many months or years of pretrial activity; *e. g., Dale Hilton v. Triangle Publications,* 5 Fed.R.Serv.2d 185 (S.D.N.Y.1961); *Data Digests, Inc. v. Standard & Poor's Corp.,* 57 F.R.D. 42 (S.D.N.Y.1972); the amendment would cause undue delay in the final disposition of the case; *e. g., Bradick v. Israel,* 377 F.2d 262 (2d Cir. 1967); *Johnson v. Sales Consultants,* 61 F.R.D. 369 (N.D.Ill.1973); *Suehle v. Markem Machine Co., supra;* the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint; *e. g., Collings v. Bush Mfg. Co.,* 19 F.R.D. 297 (S.D.N.Y.1956); *Data Digests, Inc. v. Standard & Poor's Corp., supra; Johnson v. Sales Consultants, supra; Suehle v. Markem Machine Co., supra;* witnesses have become unavailable for examination and the memories of others may have dimmed; *e. g., Data Digests, Inc. v. Standard & Poor's Corp., supra; Kemwel Auto Co. v. Ford Motor Co.,* 10 Fed.R.Serv.2d 239 (S.D. N.Y.1966); and, the amendment would require expensive and time-consuming new discovery; *e. g., Data Digests v. Standard & Poor's Corp., supra; McPhail v. Bangor Punta Corp.,* 58 F.R.D.

638 (E.D.Wis.1973); *Suehle v. Markem, supra.*

In the instant case, several of these circumstances are present. First, the case is an old one, having been filed in 1970. Although not controlling, this remains a factor to be weighed in determining whether an amendment would result in prejudice. Second, addition of new parties and new counts would result in undue delay, mainly through the further discovery required, of a final disposition of the case. Defendants have an interest in and right to an expeditious determination of the claims against them. Taken together, the 5 years already elapsed plus the additional delay would seriously threaten that interest. Third, the amendment makes a substantial change in the complaint. This is not a situation like that in *Foman v. Davis, supra,* where the amendment would have done no more than state an alternative theory for recovery. 371 U.S. at 182, 83 S.Ct. 227. Nor are the facts of the other cases cited by plaintiffs in their memoranda similar to the facts here. In *United States v. I. B. M., supra,* for example, the amendment sought only to state additional allegations against the defendant. Fourth, defendants assert that the faded memories and unavailability of witnesses would impair their ability to defend the proposed counts, and they name two possible witnesses who are now deceased. In *United States v. I. B. M., supra,* the defendant did not argue that its ability to present its case would be prejudiced by the amendment. Fifth, the addition of parties and new claims would inevitably lead to time consuming new discovery. Voluminous discovery has already been conducted on the natural assumption that only a Sherman Act count would be tried. The simple fact is that the defendants must have notice of the exact nature of plaintiffs' claims in order to conduct full and intelligent discovery. Because defendants were unaware during prior discovery that plaintiffs contemplated additional claims under The Robinson-Patman Act, the Clayton Act, and the Illinois Antitrust Act, and because these claims are quite distinct in mechanics from the original Sherman Act claims, requests for additional discovery would appear predictable. Defendants in fact state that if the complaint is amended they will require more discovery and estimate that its completion could consume as much as two years. Plaintiffs claim that all information pertinent to the new counts is already in defendants' possession. However, as another judge faced with a similar assertion put it, "I am afraid that [plaintiff] cannot both prosecute and defend this action at the same time." *Dale Hilton v. Triangle Publications, supra,* at 186. Moreover, plaintiffs seem to contradict themselves by admitting that some further discovery may be necessary due to defendants' "recalcitrance" in refusing, during the original discovery, to provide materials relating to the alleged Robinson-Patman and merger violations. Considering that those counts were not stated in the original complaint, it is understandable that defendants might have been reluctant to provide materials relating to them and be desirous of having further discovery if they are included in an amended complaint.

The relationship between the existing and proposed defendants does not compel their joinder, given the same undue prejudice that would result to defendants therefrom. From the limited statements in the memoranda of the parties, this does not appear to be a case of the proposed parties having an "extremely close intercorporate or other relationship" to the existing defendants, where justice requires allowance of an amendment adding or substituting parties. 3 *Moore's Federal Practice* ¶ 15.08[5].

For the foregoing reasons, and in light of Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules be "construed to secure the just,

speedy, and inexpensive determination of every action," I conclude that justice does not require the court to allow plaintiffs to amend their complaint as proposed.

The court does, however, grant plaintiffs leave to amend their complaint in order to allege transactions and occurrences that have taken place since the original complaint was filed in 1970, but only with respect to the existing Sherman Act count.

Accordingly, plaintiffs' motion to amend their complaint, with the limited exception noted above, is denied.