**E.I. duPONT de NEMOURS & COMPANY, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY and Phillips Chemical Company, Defendants.**

Civ. A. No. 81–508–JLL.

United States District Court,
D. Delaware.

Oct. 22, 1985.

Roger A. Hines, of E.I. duPont de Nemours & Co., Wilmington, Del., John O. Tramontine (argued), David J. Lee, Glenn A. Ousterhout, and Thomas J. Vetter of Fish & Neave, New York, N.Y., of counsel, for plaintiff.

C. Waggaman Berl, Jr., Wilmington, Del., Harry J. Roper (argued), Sidney Neuman, George S. Bosy, and Raymond N. Nimrod of Neuman, Williams, Anderson & Olson, Chicago, Ill., of counsel, for defendants.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. FACTS

Plaintiff, E.I. duPont de Nemours & Company ("DuPont") brought this patent infringement action against defendants Phillips Petroleum Company and Phillips Chemical Company (collectively "Phillips"). The patent-in-suit relates to interpolymers described in U.S. Patent 4,076,698 and directed to copolymer resins of ethylene with an alpha-olefin containing five to eighteen carbon atoms.

Pending before this Court is DuPont's motion under Fed.R.Civ.P. 15(a) for leave to amend its previously amended complaint to add an additional defendant, Phillips Driscopipe, Inc. ("Driscopipe"), a wholly-owned subsidiary of defendant Phillips Pe-

troleum Company.[1] Although DuPont states in its opening brief that its motion to amend stems from Phillips' refusal to produce any documents in the possession, custody or control of Driscopipe,[2] DuPont's counsel at oral argument represented to the Court that it wished to join Driscopipe as a defendant to enable DuPont to potentially hold Driscopipe liable for any lost profit damages caused by sales of pipe containing the allegedly infringing copolymers.[3]

Discovery in this case has been extensive and divided into two stages. The first stage concerned validity and enforceability and was closed by Court order on October 31, 1984.[4] This case is now in the second stage of discovery regarding the issues of damages and infringement. Additionally, no trial date has been set in this matter.

## II. MOTION FOR LEAVE TO AMEND

Fed.R.Civ.P. 15(a) provides in pertinent part:

(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Since Phillips has filed a responsive pleading,[5] leave of Court is necessary.

In the seminal case construing Rule 15(a), *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court expounded on the phrase dictating that "leave [to amend] shall be freely given when justice so requires." The Court opined:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182, 83 S.Ct. at 230.

It is axiomatic that the grant or denial of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). Since Rule 15(a) prescribes a liberal policy for granting leave to amend, *U.S. v. Houghham,* 364 U.S. 310, 316, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960), this Court must examine what prejudice, if any, Phillips or Driscopipe would suffer if leave to amend is granted.

---

**1.** DuPont's original complaint was filed on November 13, 1981. (Docket Item ["D.I."] 1.) DuPont originally named Phillips Petroleum Company as the sole defendant, but later amended its complaint in conformity with a Stipulation and Order granting leave to add Phillips Chemical Company, also a wholly-owned subsidiary of Phillips Petroleum Company, as a second defendant. (D.I. 19 & 22.)

**2.** D.I. 139, Memorandum in Support of Plaintiff's Motion for Leave to File an Amended Complaint Adding Phillips Driscopipe, Inc., as a Defendant at 1–2.

**3.** DuPont could have successfully obtained the discovery it desires through a motion to compel production of Driscopipe's documents. A parent corporation must produce documents, pursuant to a Fed.R.Civ.P. 34 request, of a wholly-owned subsidiary even though the subsidiary is not a party to the action. *See, e.g., Local No. 1419, ILA, General Longshoreworkers Union v. Smith,* 301 F.2d 791 (5th Cir.1962); *Pennwalt Corp. v. Plough, Inc.,* 85 F.R.D. 257 (D.Del.1979); *Hubbard v. Rubbermaid, Inc.,* 78 F.R.D. 631 (D.Md.1979). Courts reason that such documents are within the possession, custody or control of the parent corporation.

**4.** D.I. 90.

**5.** The defendants filed their answer to plaintiff's amended complaint on March 18, 1982. (D.I. 24.)

Phillips and Driscopipe advance two main arguments in opposing DuPont's motion for leave to amend. At the outset, Phillips argues that DuPont is barred by laches and estoppel from amending its complaint. Second, it is contended that Phillips and Driscopipe will be prejudiced by the amendment because this litigation has been ongoing for nearly four years. It is also argued that Driscopipe should be afforded additional discovery on validity and enforceability if DuPont's motion to amend is granted.

### A. *Laches and Estoppel*

 The equitable doctrine of laches, as applied to patent infringement lawsuits, prescribes that if the patentee unduly delays filing its infringement claim, then the patentee is barred from recovering damages for infringements prior to the filing of the lawsuit. *A.C. Aukerman Co. v. Miller Formless, Co.*, 693 F.2d 697, 699 (7th Cir. 1982). To prevail on a laches defense, the alleged infringer must show that the patentee's delay was unreasonable, inexcusable, and materially prejudicial. *Id.; Studiengesellschaft Kohle v. Eastman Kodak Co.*, 616 F.2d 1315, 1325–26 (5th Cir.), *cert. denied*, 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980). Additionally, a six-year delay from the date of the first known alleged infringement is presumptively unreasonable.[6] *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741 (Fed.Cir.1984). *See* 35 U.S.C. § 286 (1982).

 In contrast, the equitable doctrine of estoppel, if established, precludes all relief for infringement, including relief for alleged infringements that occur after the suit is initiated. *A.C. Aukerman*, 693 F.2d at 701. To prevail on the doctrine of estoppel, defendants must demonstrate that the two elements of laches are present, in addition to affirmative conduct by DuPont inducing the belief that it had abandoned its claims against Driscopipe and detrimental reliance by Driscopipe. *Young Engineers, Inc. v. U.S. Intern. Trade Com'n*, 721 F.2d 1305, 1317 (Fed.Cir.1983).

The patent-in-suit was issued to DuPont on February 28, 1978,[7] approximately seven and one-half years after the patent was issued. However, the applicability of the laches and estoppel doctrines to the circumstance surrounding this case need not be addressed because DuPont's proposed amended complaint, if allowed, relates back to the date of the original pleading pursuant to Fed.R.Civ.P. 15(c).

### B. *Rule 15(c)*

Under Rule 15(c),[8] an amendment which adds a new party to a lawsuit must meet three requirements for it to relate back to the date of the original pleading. First, the claim asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth in the original pleading. Second, the party added by the amendment must receive, "within the period provided by law for commencing the action against [it]," such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits. Third, within the same time constraints, the new party must have known or should have known that, but for a mistake concerning the identity of the proper

---

**6.** The defense of laches does not preclude a patent infringement action. Laches has no effect on an action for post-filing damages or an injunction. It simply bars the recovery of all pre-filing damages. *See id.*

**7.** D.I. 22, First Amended Complaint at ¶ 5.

**8.** Fed.R.Civ.P. 15(c) provides in pertinent part: (c) Relation Back of Amendments. Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to

the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

party, the action would have been brought against it.

Rule 15(c)'s first requirement is clearly met. The proposed amended complaint only makes two relatively minor changes. It adds Driscopipe as a party defendant and expressly mentions that plastic pipe made from copolymers is part of the alleged infringing activity.[9]

The second requirement is met if Phillips and Driscopipe have an "identity of interest." "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." 6 Wright & Miller, *Federal Practice and Procedure* § 1499 at 244 (Supp.1985). Moreover, Driscopipe's receipt of notice of DuPont's patent infringement action need not be formal. Fed.R.Civ.P. 15 Advisory Committee Notes.

In construing Rule 15(c), courts have held that a plaintiff need only show that two corporations are sufficiently interrelated because notice of a pending action to one serves as notice to the other. *Swann Oil Co. Inc. v. M/S Vassilis*, 91 F.R.D. 267, 269 (E.D.N.C.1981). Courts have also held that a plaintiff need *not* show that two corporations are in a parent and subsidiary relationship. *Id.; Bernstein v. Uris Building Corp.*, 50 F.R.D. 121, 122 (S.D.N.Y. 1970). Since Driscopipe is a wholly-owned subsidiary of Phillips Petroleum Company, their close intercorporate relationship is at the core of an "identity of interest."[10] Accordingly, because the parent corporation had actual notice, adding its wholly-owned subsidiary as a party defendant does not prejudice the subsidiary.

The third requirement for "relation back" is closely related to the second. This requirement ensures that the defendant to be added knew or should have known all

along that joinder was a possibility. *Taliferro v. Costello*, 467 F.Supp. 33, 36 (E.D. Pa.1979). Driscopipe, having had noticed that Phillips was sued for patent infringement regarding copolymers, was certainly aware that the same copolymers were used in the production of plastic pipe. Furthermore, but for DuPont's mistaken assumption that Phillips would produce documents within the possession, custody or control of Driscopipe, DuPont would have moved to add Driscopipe as a party defendant at an earlier stage in this action.

Since a valid cause of action existed on behalf of DuPont against Driscopipe on November 13, 1981, the date of the original pleading, neither laches nor estoppel prevents DuPont from maintaining its cause of action against Driscopipe. Therefore, because DuPont's proposed amendment "relates back" to the date of the original pleading, it is not time barred under 35 U.S.C. § 286. Accordingly, DuPont cannot be faulted for inexcusably delaying the institution of this lawsuit. *See Lasseigne v. Nigerian Gulf Oil Co.*, 397 F.Supp. 465, 475–76 (D.Del.1975) (defense of laches inapplicable where there was a parent/subsidiary relationship); *Meltzer v. Hotel Corp. of America*, 25 F.R.D. 62 (N.D.Ohio 1960) (original defendant's wholly-owned subsidiary substituted as a defendant after statute of limitations had run).

### C. *Prejudice*

This Court must also determine whether Phillips or Driscopipe will suffer any prejudice by allowing the proposed amendment. In determining whether prejudice is present, courts frequently evaluate the good faith of the party seeking the amendment, the extent to which there has been an undue delay in proffering the amendment, and the degree to which the amendment would needlessly delay the final disposition of the case. *L.D. Schreiber*

---

**9.** D.I. 138, Ex. A, Proposed Amended Complaint at ¶ 7.

**10.** Indeed, 6 Wright & Miller, *Federal Practice and Procedure* § 1499 at 518 (1971) states that

"[t]he relationship needed to satisfy the identity of interest test exists between a parent and a wholly-owned subsidiary."

*Cheese Co., Inc. v. Clearfield's Cheese Co., Inc.*, 495 F.Supp. 313, 315–16 (W.D.Pa. 1980) (citations omitted). *See also* 3 Moore's Federal Practice ¶ 15.08[4] at 15–91—15–99 (2d ed. 1985). Here, none of these indicia of prejudice are present.

██ There is nothing in the record to indicate a lack of good faith on DuPont's part in proffering the proposed amended complaint. Indeed, neither Phillips nor Driscopipe raise this consideration in arguing that they would suffer prejudice.

With respect to DuPont's purported delay in proffering the amended complaint, DuPont's counsel did not learn of Phillips' refusal to produce Driscopipe's documents until March 12, 1985.[11] DuPont's motion to amend was filed on August 15, 1985, and there has been only a delay of six months since it first learned of the propriety of bringing Driscopipe into this action.[12] This delay cannot be characterized as "undue."

In support of its strained argument for prejudice, Phillips primarily relies on *A. Cherney Disposal Co. v. Chicago Sub. Refuse Disposal Corp.*, 68 F.R.D. 383 (N.D. Ill.1975). Since *Cherney* is clearly distinguishable from this case, Phillips' reliance is misplaced. As the court opined in *Cherney:* "This does *not* appear to be a case of the proposed parties having an 'extremely close intercorporate or other relationship' to the existing defendants, where justice *requires* allowance of an amendment adding or substituting parties." *Id.* at 386 (emphasis added). The parent/wholly-owned subsidiary relationship present in this case is at the core of an "extremely close intercorporate relationship."

Furthermore, no new facts are alleged in DuPont's proposed amended complaint. DuPont seeks only to add another wholly-owned subsidiary of Phillips Petroleum Company to the existing cause of action. Therefore, Driscopipe will not be prejudiced because it was on constructive notice of the pending action against Phillips. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 339–40 (7th Cir.), *cert. denied*, 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974). Accordingly, DuPont's motion for leave to amend its complaint adding Driscopipe as an additional party will be granted.

## III. ADDITIONAL DISCOVERY

██ Defendants also contend that if this Court grants DuPont's motion for leave to amend, discovery should be reopened for Driscopipe on the validity and enforceability issues. The Court is not convinced that there is a necessity to reopen discovery on these issues. Driscopipe had constructive knowledge of the patent infringement proceeding pending against Phillips and the voluminous discovery conducted in this case has sufficiently dealt with the patent infringement issues connected to plastic pipe.[13]

It should be noted that because it is unnecessary to reopen discovery on validity and enforceability, this factor weighs in favor of granting DuPont's motion to amend. Thus, granting DuPont's motion for leave to amend will not delay the final disposition of this case nor will it prejudice the original-named defendants.

An order will be entered in accordance with this Memorandum Opinion.

---

**11.** D.I. 139, Affidavit of Glenn A. Ousterhout at ¶ 8.

**12.** During this six-month period, the parties were engaged in settlement negotiations causing DuPont to defer the filing of its Motion to Amend until these negotiations reached an impasse. D.I. 139 at 8.

**13.** In D.I. 146, Plaintiff's Reply Memorandum at 17–18, DuPont identifies five categories of documents that it has produced relating to DuPont's aldyl plastic pipe business. Thus, Phillips already has in its possession documents relating to the validity and enforceability of the allegedly infringing patent.