**Arthur D. HENDERSON, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, a corporation, Defendant.**

No. 85 C 6692.

United States District Court, N.D. Illinois, E.D.

Nov. 9, 1987.

Martin R. Rothenberg, James W. Naisbitt, Julia A. Ronning, Martin R. Rothenberg, Ltd., Allan G. Levine, Rothenberg & Levine, Chicago, Ill., for plaintiff.

Danuta Bembenista Panich, Rayna G. Eller, Terri A. Mazur, Mayer, Brown & Platt, Chicago, Ill., Sally D. Garr, Asst. Gen.

Counsel, Nat. R.R. Passenger Corp., Washington, D.C., for defendant.

## MEMORANDUM OPINION

BUA, District Judge.

This matter comes before this court on defendant's motion ·to reconsider this court's order of April 14, 1987 granting plaintiff leave to amend his complaint. For the reasons stated herein, defendant's motion is granted, and, upon reconsideration, plaintiff's motion for leave to amend is denied.

## ·I. FACTS

Plaintiff Arthur D. Henderson filed his original complaint in this lawsuit on July 26, 1985. In his complaint, Henderson alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 against defendant National Railroad Passenger Corporation ("Amtrak") for unlawful employment discrimination and termination. Henderson's claim that he was discharged because of his race is based on theories of individual disparate treatment and intentional discrimination. Amtrak maintains that Henderson was discharged because he was found sleeping on the job and because Henderson's employment record with Amtrak was spotted with at least eight prior acts of employee misconduct.

After Henderson filed his complaint, both parties pursued discovery which was to close on March 3, 1986. On November 29, 1985, this court set the trial date for this matter for March 27, 1986. On February 7, 1986, this court granted Henderson's motion to extend discovery until March 26, 1986 and denied Henderson's motion to continue the trial date.

Thereafter, Henderson filed a motion to compel discovery relating to Amtrak's objections to Henderson's interrogatories and document requests. This motion was set for hearing for March 7, 1986 on which date Henderson submitted an emergency motion. As a result of this emergency motion, the court vacated the discovery deadline and trial date.

In September 1986, a motion to consolidate and for a finding of relatedness with a similar case then pending in this district before Judge Kocoras was filed. *See Israel v. National Railroad Passenger Corp.*, No. 86 C 7292 (N.D.Ill.) (Kocoras, J.). However, the consolidation motion was denied by this court on the basis that although certain common issues of fact may have existed, individual issues predominated, and consolidation would result in undue delay. *See Henderson v. National Railroad Passenger Corp.*, No. 85 C 6692 (N.D. Ill. Jan. 14, 1987).

On April 14, 1987, Henderson filed a motion seeking leave to file an amended complaint adding a class claim, and Amtrak objected. Based on the representation that certain limitations periods for prospective class members might run if the amended complaint was not filed that day, this court granted Henderson's motion with the condition that Amtrak be allowed to submit memoranda in opposition to adding the class action count. Henderson's class allegation seeks to include, as a class, every black employee of Amtrak's nationwide Passenger Service Department who has ever been charged with a rule violation, disciplined, or discharged for any type of misconduct by Amtrak. Amtrak's objections to Henderson's attempt to amend his complaint are addressed below.[1]

## II. DISCUSSION

Recently, Judge Kocoras addressed an identical issue in a similar race discrimination case against Amtrak. *See Israel v. National Railroad Passenger Corp.*, No. 86 C 7292 (N.D.Ill. Oct. 2, 1987) (Kocoras, J.) [Available on WESTLAW DCT database]. Ruling against allowing Israel to amend his complaint to add a class action claim, the court observed as follows:

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be free-

---

1. Although Amtrak frames its objections to Henderson's amended complaint as a motion to strike, this court will treat Amtrak's motion as one for reconsideration. As such, Henderson's procedural arguments concerning Rule 12(f) are rendered moot.

ly given when justice so requires." Whether leave to amend the complaint should be granted is within the sound discretion of the district court *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 [91 S.Ct. 795, 802, 28 L.Ed.2d 77] (1971). The court may refuse to allow amendment for several well-established reasons, such as: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 [83 S.Ct. 227, 230, 9 L.Ed.2d 222] (1962). In this case, both undue delay and futility of amendment mandate the denial of plaintiff's motion to amend.

*Israel*, No. 86 C. 7292, slip op. at 3 (N.D.Ill. Oct. 2, 1987).

Turning to the issue of undue delay, the court pointed out that Israel waited some five months after Amtrak's answer to his individual complaint before filing the proposed amendment. *Id.* at 4. Apparently, the delay in asserting the class claim was not attributable to the discovery of any facts not previously known to Israel, and Amtrak had no way of anticipating such a class claim was forthcoming. *Id.* The court noted that permitting the proposed amendment would result in "an entirely new claim, add an entire class of new parties, and require expensive, time-consuming, nationwide discovery." *Id.* Although acknowledging that motions to amend are not normally denied solely on the ground that the new claim was offered late in the case, the court reasoned that "where such amendment would also be futile, greatly protract the litigation, and result in expensive, nationwide discovery, justice does not require that the amendment be allowed." *Id., citing A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D.Ill.1975).

Next, the *Israel* court addressed whether the proposed amendment would prove futile for failure to meet the requirements for class certification under Fed.R.Civ.P. 23(a). *Id.*, at 4. Although finding Israel's allega-

tions concerning numerosity of the proposed class sufficient, the court determined Israel had failed to assert sufficient facts to establish the remaining Rule 23(a) prerequisites of commonality, typicality and adequacy of representation. *Id.*, at 7, 15. The upshot of the court's discussion regarding these issues was that nature of the claim being asserted on behalf of the class (i.e. that Amtrak's discipline procedures are discriminatory) was too individual and particularized for resolution by means of class adjudication. Relying on decisions recognizing discharge claims are generally inappropriate for class certification by virtue of the unique circumstances surrounding each disciplinary action, the court concluded that Israel's claims were too personal in nature to meet the remaining prerequisites of Rule 23(a). *Id.*, at 8–15, *citing Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir.1980). As such, the court concluded Israel's attempt to add the class claim was futile and denied the motion to amend. *Id.*, at 15.

Relating *Israel* to the facts in this case, this court is compelled to reach a similar result. Henderson, like Israel, is guilty of undue delay in filing the proposed class claim. Some twenty-one months since the filing of the original complaint passed before Henderson decided to present his motion to amend. Similarly, the proposed amendment is not premised on the discovery of any new facts. More importantly, however, the facts pled by Henderson in his proposed amendment are insufficient to meet the requirements for class certification.

■ Because *Henderson* and *Israel* are represented by the same counsel, the language of Henderson's proposed amendment mirrors the class allegations found lacking in *Israel*. Merely alleging, as Henderson does and Israel did, that a general policy of discrimination exists at Amtrak, without alleging any factual support for such, is not sufficient to meet the commonality requirement of Rule 23(a)(2). *Israel*, at 9, *citing Patterson*, 631 F.2d at 481. As in *Israel*, Henderson asserts no

facts relating to members of the class he seeks to represent. Moreover, this court in a previous order dated January 14, 1987 denied Israel's motion to consolidate his case with Henderson's on the basis that individual questions of fact outweighed the common. *Henderson v. National Railroad Passenger Corp.,* —— F.Supp. ——, 85 C 6692 (N.D.Ill. Jan. 14, 1987). This court's earlier ruling taken together with Henderson's failure to present any well pled factual allegations supporting the claims of the prospective class members quite clearly indicates Rule 23(a)(2) commonality does not exist.

Henderson's proposed class amendment also fails to meet the Rule 23(a)(3) prerequisite of typicality. Essentially, Henderson's claims and those of the purported class members are too personal to be susceptible to class treatment. The law is clear that when unique defenses will consume the merits of the case, certification should be denied for lack of typicality. *Koos v. First Nat'l Bank of Peoria,* 496 F.2d 1162, 1164 (7th Cir.1974); 2A. Larson, *Employment Discrimination* § 49.52(c), at 98–124. In the instant case, Henderson alleges his termination resulted because he is black. Amtrak contends Henderson was terminated because he was found sleeping on the job and had been cited on eight prior occasions for similar employment violations. As Amtrak points out, a major focus of the litigation will be on a defense applicable only to Henderson's claims. Moreover, in light of the nature of claims being asserted by the proposed class, it is rather likely that each challenged termination will be subject to an individual defense based on the facts surrounding the disputed action. Given unique defenses to the claims of the proposed class representative are present and the likelihood that each allegation of discriminatory treatment by a class member will be countered with an individual defense, this court is simply unable to find that the typicality requirement of Rule 23(a)(3) is met.

## III. CONCLUSION

The foregoing discussion makes clear that Henderson is guilty of undue delay in filing the proposed amendment adding the class claim. The facts in this case also show that allowing Henderson's proposed amendment would be futile since he is unable to establish the Rule 23(a) prerequisites of commonality and typicality. As justice does not require leave be given to file an amendment adding a class claim when such amendment would prove futile, Henderson's motion, on reconsideration, must be denied. Accordingly, this court grants Amtrak's motion for reconsideration and denies Henderson's motion to file an amended complaint adding a class claim.

IT IS SO ORDERED.