### Eneas D'AQUINO

v.

### CITICORP/DINER'S CLUB INC.

No. 90 C 1087.

United States District Court,
N.D. Illinois, E.D.

Nov. 15, 1990.

Alan Rhine, Chicago, Ill., for plaintiff.

Richard E. Lieberman, Shelly R. Pagac and Kathryn M. Kemp, Ross & Hardies, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Eneas D'Aquino alleges that defendant Citicorp/Diner's Club Inc. discriminated against him on account of his age. Plaintiff began employment with Diner's Club, now Citicorp/Diner's Club Inc. ("Citicorp"), on November 8, 1971. Plaintiff filed suit against Citicorp on February 27, 1990 alleging that, after plaintiff turned 60 years of age, he received unfavorable evaluations which were incorrect and unjustified, as well as duty assignments to difficult situations. Citicorp's alleged discrimi-nation resulted in minimal salary increases, lower pension contributions, and lost opportunities for promotion.

Plaintiff turned 65 years of age on August 1, 1990. Citicorp terminated plaintiff's employment on September 28, 1990. Plaintiff now seeks to amend his complaint to include counts relating to his discharge. Because of these amendments, plaintiff requests that the dates for the end of discovery, the pretrial memorandum, and the trial be vacated. Plaintiff also seeks leave to file interrogatories and a request for document production relating to the discharge. For the reasons stated below, plaintiff's motion is denied.

Plaintiff may not amend his complaint because he has failed to comply with the jurisdictional prerequisite of filing his claims with the EEOC. Under 29 U.S.C. § 626(d) of the Age Discrimination in Employment Act, no civil action may be commenced by an individual until 60 days after a timely charge alleging unlawful discrimination has been filed with the EEOC. The charge filed with the EEOC must encompass the acts complained of in the federal civil suit. *Babrocky v. Jewel Food Co. & Retail Meatcutters Union Local 320,* 773 F.2d 857, 863 (7th Cir.1985); *Dhaliwal v. Woods Div. Hesston Corp.,* 50 Fair Empl. Prac.Cas. (BNA) 1140, 1141, 1989 WL 97842 (N.D.Ill.1989). Although plaintiff did file a charge with the EEOC more than 60 days ago alleging unlawful discrimination by Citicorp, this charge did not encompass the allegations relating to plaintiff's discharge, which he now seeks to include in his complaint. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Id.* Plaintiff admits that he has not yet filed an additional charge with the EEOC alleging unlawful discrimination in relation to his discharge. *Plaintiff's Reply in Support of Motion,* at 4.

The trial date for this case was set in July. The parties agreed upon a trial date

of January 7, 1991. On the eve of trial, plaintiff now seeks to amend his complaint. Both parties have already engaged in extensive discovery. The counts which plaintiff seeks to include in the complaint are new claims requiring substantial further discovery. Additional counts will delay the final disposition of the case. Amending the complaint would thus cause undue prejudice to Citicorp. *See A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D.Ill. 1975). Plaintiff's motion to amend, therefore, is denied in its entirety with no vacation of the trial date.