### In re CONVERTIBLE ROWING EXERCISER PATENT LITIGATION.

No. Misc. 85–14.
MDL Docket No. 623.

United States District Court,
D. Delaware.

March 18, 1993.

Bruce M. Stargatt of Young, Conaway, Stargatt & Taylor, Wilmington, DE, of counsel: Harold J. Birch, and Alan I. Cantor of Banner, Birch, McKie & Beckett, Washington, DC, for plaintiffs.

Allen M. Terrell, Jr. of Richards, Layton & Finger, Wilmington, DE, of counsel: Melvin F. Jager, and Cynthia A. Homan of Willian Brinks Olds Hofer Gilson & Lione Ltd., Chicago, IL, for defendant Ajay Enterprises Corp.

Neil M. Rose, Sunbeam Corp., Downers Grove, IL, for Allegheny Intern. Exercise Co.

Todd B. Serota of Poms, Smith, Lande & Rose, Los Angeles, CA, for Rocket Industries, Inc.

Philip B. Polster of Polster, Polster and Lucchesi, St. Louis, MO, for Roadmaster, Inc.

John J. Dempsey of Chapin, Neal & Dempsey, Springfield, MA, for Columbia Mfg. Co.

Myron Amer of Bauer & Amer, Mineola, NY, for Beacon Enterprises, Inc. and Saw Mill River Industries, Inc.

Kenneth R. Glaser of Glaser, Griggs & Schwartz, Dallas, TX, for Walton Mfg. Co.

Thomas J. Rossa of Trask, Britt & Rossa, Salt Lake City, UT, for defendant Weslo, Inc.

William J. Marsden, Jr. of Potter Anderson & Corroon, Wilmington, DE, Liaison Counsel for defendants.

## OPINION

LONGOBARDI, Chief Judge.

### NATURE AND STAGE OF THE PROCEEDINGS

This is a Multi-District patent infringement litigation.[1]  On October 16, 1984, Plaintiff filed a complaint against Columbia Manu-

---

1. Nine separate patent infringement actions were instituted in October, 1984, in districts throughout the country. The original cases and four additional cases were subsequently referred to this District by the Judicial Panel on Multi-District Litigation. The cases are currently consolidated for pretrial proceedings.

facturing Company ("Columbia").[2] The Plaintiff now moves at this advanced stage of the litigation to include MTD Products, Inc. ("MTD"), an Ohio corporation, as a named Defendant and seeks that the amended complaint relate back to the date of the original complaint pursuant to Federal Rule of Civil Procedure 15(c). *See* Docket Item ("D.I.") 167.[3]

## BACKGROUND

The Plaintiff has filed its motion to amend, D.I. 167, approximately seven and one-half years after the original complaint was filed. In its motion for amendment, the Plaintiff indicates that it is seeking to simply correct a misnomer and substitute MTD for Columbia. D.I. 167 at 1.

In its Opening Brief in support of the motion, D.I. 168, the Plaintiff concedes that in Columbia's answer to the complaint, Columbia admitted to doing business as Columbia Manufacturing Company and denied that it was a Massachusetts corporation. *See* D.I. 168 at 3. Plaintiff also concedes that through the discovery process in 1984 it learned that Columbia was in fact a division of MTD. *Id.* at 6. Plaintiff contends that while this motion for amendment could arguably have been brought earlier based on this information, it believed in good faith that it had no reason to seek a formal correction of the complaint until recently because MTD had purportedly responded to discovery requests throughout the litigation and neither it nor Columbia had ever objected to Colum-

bia being an improper Defendant. *Id.* at 3. Further, the Plaintiff asserts that it has now become necessary to name MTD in the complaint because Plaintiff was only recently informed that the Columbia division had been sold, *Id.*, and that Columbia had ceased to exist as a division of MTD in 1987. *Id.* at 4.[4] In this initial brief, Plaintiff broadly argues that the Court should follow the liberal policy for amendment favored by Federal Rule of Civil Procedure 15(a), D.I. 168 at 5–7, and that pursuant to Federal Rule of Civil Procedure 15(c)(3), the amendment should relate back to the date the original complaint was filed because service of process on Columbia within the limitations period was effective notice on MTD and because MTD would suffer no prejudice from an amendment. *Id.* at 8.[5]

In their Answering Brief, D.I. 184, Defendants assert that: (1) MTD first acquired all of Columbia's assets in January of 1971 and, although Columbia was subsequently reorganized as a division of MTD, Columbia continued to operate independently under the name Columbia Manufacturing Company; (2) Columbia and MTD maintained separate officers; (3) none of Columbia's employees were on MTD's Board of Directors; and (4) Columbia maintained a separate bank account and paid its own officers and employees. D.I. 184 at 6, *citing* the affidavit of general counsel for MTD, David J. Hessler. Defendants claim that the Plaintiff first became aware that it had filed suit against a nonexistent party in December of 1984 by way of the

---

**2.** Service was executed on Richard B. Huntoon, the then treasurer of Columbia.

**3.** The following facts are apparently undisputed by the parties: MTD, an Ohio corporation, acquired all of the assets of Columbia Manufacturing Company ("Columbia"), a Massachusetts corporation, on or about January 29, 1971. Columbia was subsequently reorganized as a division of MTD in 1976 but continued to do business under the name Columbia. In 1987, a Massachusetts corporation named Columbia Manufacturing Company Incorporated ("Columbia Company") was formed and subsequently purchased all of Columbia's assets from MTD. Columbia Company is now involved in Chapter 11 bankruptcy proceedings.

**4.** Specifically, Plaintiff posits that it first learned that MTD had sold its Columbia division some time ago and that Columbia stopped making the

disputed exercise equipment about one year after the suit was filed during a June 28, 1991, teleconference between counsel for the Plaintiff, Alan I. Cantor, and counsel for the Defendant, John J. Dempsey. D.I. 168 at 3–4. Plaintiff contends that it further learned that Columbia ceased to exist as a division of MTD during a January 8, 1992, teleconference between Mr. Cantor and counsel for the Defendant, Steven N. Fox. *Id.* at 4.

**5.** Plaintiff contends that because MTD or Columbia never objected to Columbia being a Defendant, that pursuant to Federal Rule of Civil Procedure 12(h)(1), MTD has waived any objection to process, service of process, venue or personal jurisdiction. D.I. 168 at 8 n. 1.

Defendants' answers and responses to interrogatories.

More significantly, contrary to the Plaintiff's position regarding "notice", MTD argues that it did not learn of the lawsuit until 1987 and did not receive formal notice of the suit until 1992. Furthermore, they argue that allowing relation back of the amendment will result in substantial prejudice to them because MTD had no opportunity to become involved in decisions on the continued manufacture of the infringing products or assess its potential risk as a result of such decisions.[6] Furthermore, they allege that MTD no longer has the rights to business records of Columbia which it had until July of 1987. *Id.* at 8-9.[7] Lastly, the Defendants assert that they should not be required to bear the burden for the Plaintiff's inexcusable neglect in not amending earlier where Plaintiff was allegedly aware for nearly eight years that it had potentially sued the wrong party. *Id.* at 9-10.[8]

In its Reply Brief, D.I. 195, the Plaintiff counters that pursuant to *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), and the 1991 amendments, Rule 15(c) is designed to encourage a liberal policy for relation back in that a complaint may be amended to correct a misnomer or misidentification at any time provided the notice requirement under the Rule is met. D.I. 195 at 1-2.[9] Further, it once again asserts that MTD received timely and actual notice when service was made on its Columbia division in 1984. *Id.* at 2-5. Defendants· counter in their Surreply Brief, D.I. 207, that the circumstances for a permissive view of Rule 15(c) are not present here in so much as the requirements under the Rule have not been met.

In an Order dated May 19, 1992, this Court concluded that pursuant to *Schiavone, id.,* Federal Rule of Civil Procedure 15(c) was applicable to Plaintiff's motion. D.I. 215 at 1-2. The Court also directed that additional limited discovery be taken on the issue of whether MTD received actual notice of the original complaint within the requisite period and whether the Columbia division was an agent for MTD in 1984 such that the notice it

---

**6.** MTD allegedly learned for the first time in 1988 that in 1985 Columbia had stopped manufacturing and selling the alleged infringing products.

**7.** As a further showing of prejudice, the Defendants indicate that other courts have applied 35 U.S.C. § 286 and found prejudice in an unexplained delay of greater than six years in asserting patent infringement claims. D.I. ·184 at 8-9 (citations omitted). The Court gives this argument no consideration here, however, because as Defendants themselves indicate, these cases do not address Rule 15(c) determinations. *Id.* at 9.

**8.** The Defendants do not expressly oppose amendment to the complaint under Federal Rule of Civil Procedure 15(a) which provides that after a responsive pleading has been filed, a party may amend a pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rather, Defendants raise their "inexcusable neglect" argument under the provisions of Rule 15(c).

Although this Circuit has apparently not considered the question, the Court notes the split among various courts as to whether a plaintiff's own inexcusable neglect is a proper consideration for Rule 15(c) determinations or is better determined under the provisions of Rule 15(a) calling for the Court to exercise its discretion in

denying leave to amend. *Compare Anderson v. Deere & Co.,* 852 F.2d 1244, 1248 (10th Cir.1988) (appellants subsequent delinquency in bringing motion to amend once Rule 15(c) has become applicable by virtue of compliance with its terms cannot frustrate the relation back of the amendment), and *Kemper v. Ureco,* 1991 WL 125178, 1991 U.S. Dist. Lexis 8843, slip op. at 5, O'Neill, J. (E.D.Pa.1991) (although the possibility of plaintiff's own inexcusable neglect in failing to name the correct party is a "factor germane to· the question of permitting an amendment, it is more closely related to the trial court's exercise of discretion under Rule 15(a) whether to allow the change than it is to the satisfaction of. the notice requirement of Rule 15(c)"), with *Mathews v. KFC National Management Co.,* C.A. No. 86-1181, 1986 WL 13296, slip op. at 3, Newcomer, J. (E.D.Pa. Nov. 20, 1986) (relation back under 15(c) barred where plaintiff's present counsel had been able to identify the appropriate corporate actors through discovery but ·delayed in bringing amended complaint), and cases cited in *Moore's Federal Practice,* ¶ 15-170.

Because the Court reaches its decision under Rule 15(c) on grounds other than Plaintiff's alleged inexcusable neglect in bringing its motion to amend the complaint, the Court expresses no opinion on this tension exhibited among the federal courts.

**9.** *See infra,* note 12.

**438**

received can be construed as constructive notice to MTD. *Id.* at 2.[10]

Subsequent to the limited discovery taken on that issue [11] and pursuant to the terms of the Court's Order, the parties submitted letter memoranda on the amendment and relation back issues. D.I.s 245–247.

## ANALYSIS

The fundamental issue raised by the Plaintiff's motion to amend the complaint is whether the amended complaint relates back to the filing date of the original complaint. Put simply, because the amended complaint has been filed after the applicable statute of limitations period, it is time-barred unless it relates back to the filing date of the original complaint. As recently amended, Rule 15(c) provides in relevant part that any amendment of a pleading will relate back to the date of an original pleading when:

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, or

**10.** In an April 29, 1992, teleconference with the parties prior to the May 19, 1992 Order, the Court informed the parties that the present record was not sufficiently developed for it to make a ruling on the "relation back" issue and, therefore, directed the parties to take additional discovery.

**11.** Pursuant to the Court's directive, the Plaintiff took the depositions of Richard B. Huntoon, the current treasurer of Columbia Company, the former treasurer of Defendant Columbia and the individual who received service of process on behalf of Defendant Columbia when the original complaint was filed in 1984; David Campbell, the current President of MTD; and Kenneth Howard, the current President of Columbia Corporation and the former President of Defendant Columbia.

**12.** This paragraph was revised in order to change the *result* in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 with respect to the problem of an unnamed defendant. Fed.R.Civ.P. 15(c)(3) advisory committee's note on 1991 amendment (emphasis added). In *Schiavone,* the plaintiff filed suit against "FORTUNE", a division of Time Incorporated. Subsequent to the statute of limitations period but prior to the 120 day service of process period

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).[12]

The amended complaint seeks to change the Defendant Columbia to MTD. Accordingly, Plaintiff must satisfy the threshold requirement that the claims being pled in the amended complaint arise out of the same transaction or conduct as set forth in the initial complaint. *Id.* Here, it is beyond dispute that Plaintiff has met this requirement because the original complaint and the amended complaint are identical in all respects except the names of the parties.[13]

The Plaintiff cannot demonstrate, however, that it has met the far more crucial "such

under Federal Rule of Civil Procedure 4(j), plaintiff tried to serve TIME but it refused service because only FORTUNE had been named in the complaint and that pursuant to 15(c) it could not properly be named as a party after the statute of limitations had run. The Supreme Court held that for the amended complaint to "relate back" the party sought to be named must necessarily have received notice of the suit against it prior to the expiration of the statute of limitations, notwithstanding the fact that the 120 period for process service had not lapsed. *See Schiavone, id.*

Under the amended Rule:
An intended defendant who is notified of an action within the period allowed by Rule 4 [(j)] for service of a summons and a complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the 4 [(j)] period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.

Fed.R.Civ.P. 15(c)(3) advisory committee's note on 1991 amendment.

**13.** In fact, the Defendants do not take issue with the Plaintiff's satisfaction of this standard.

notice ... that the party will not be prejudiced ..." requirement as it relates to MTD. It is well established that the linchpin under Rule 15(c) is notice. *See, e.g., Schiavone,* 477 U.S. at 31, 106 S.Ct. at 2385; *Dandrea v. Malsbary Manufacturing Company,* 839 F.2d 163, 170 (3rd Cir.1988); *In re Bexar County Health Facilities Development Corp.,* 1992 WL 247111, 1992 U.S. Dist. Lexis 15967, slip op. at 4, Bechtle, J. (E.D.Pa. Sept. 25, 1992), *citing Schiavone.*[14] Such notice need not be formal to be effective under Rule 15(c). *Advanced Power Systems v. High–Tech Systems,* 801 F.Supp. 1450, 1456 (E.D.Pa.1992), *citing* Fed.R.Civ.P. 15(c) advisory committee's note (1966); 3 *Moore's Federal Practice* ¶ 15–162; *see, e.g., Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3rd Cir. 1977) (manager of restaurant on notice when he saw complaint suing restaurant and an "unknown employee").[15]

Here, Plaintiff alleges that the notice requirement has been satisfied because (1) the effective service on Columbia within the Rule 4(j) period for service of the summons and complaint was effective notice to MTD due to Columbia's alleged status as a "managing or general agent" of MTD; (2) that the action was handled by the parties in accordance with the standard operating procedure which MTD had established for handling Columbia's patent matters, thereby giving it notice as a matter of course; and (3) that the notice was such that the Defendant would suffer no prejudice if required to defend the action on the merits at this stage of the litigation.

▪ The Court quickly disposes of Plaintiff's claim of notice due to Columbia's status as MTD's "agent." Notwithstanding Plaintiff's conclusions to the contrary, the record is completely void of any evidence that MTD delegated authority to Columbia to handle patent matters as an agent of MTD. In this case, service of process was made on Richard Huntoon, the individual designated by Columbia to handle patent matters. D.I. 256 at 18–19. Mr. Huntoon was not an officer of MTD and he was not expected nor required to notify MTD management of pending patent matters. Absent some official designation, there is simply no rational basis to assume that he was acting on behalf of MTD. *See Martz v. Miller Brothers Co.,* 244 F.Supp. 246, 254–55 (D.Del.1965).[16]

▪ Moreover, even assuming that Columbia can be technically characterized as an agent of MTD under the service of process provision of Rule 4(d)(3) for the purpose of exercising long-arm jurisdiction over MTD, the Court finds in this instance that service does not constitute such notice of the institution of the action that MTD will not be prejudiced in maintaining a defense on the merits.[17] *Accord, In re Allbrand Appliance*

14. *Accord, Advanced Power Systems v. High–Tech Systems,* 801 F.Supp. 1450, 1456 (E.D.Pa.1992) (the notice requirement is the critical element in deciding whether an amendment relates back), *citing Avila v. Immigration and Naturalization Service,* 731 F.2d 616, 620 (9th Cir.1984).

15. The Court notes that in some cases formal notice has been required in order to satisfy Rule 15(c). Wright, Miller and Kane, 6A *Federal Practice and Procedures* § 1498 at 116–118 n. 18 (citing cases).

16. In *Martz,* the Court rejected plaintiff's efforts to have a complaint relate back where the plaintiff served an individual who was an agent of the corporation that was named but failed to demonstrate any facts that would show that he was an agent of the intended defendant. *Martz,* 244 F.Supp. at 254. The Court found no rational basis for allowing service on him in one capacity to be imputed as service on him in a different capacity where he actually had no "dual capacity." *Id.* The court further held that although the names of the companies were similar and the corporations had officers and shareholders in common, service on one who was not an agent for the party the plaintiff was trying to sue would not constitute effective service as to the intended party. *Id.*

17. Plaintiff relies on *Peterson v. Sealed Air Corp.,* 902 F.2d 1232, 1237 (9th Cir.1990), for the proposition that "[b]ecause corporations are nothing but bundles of agency relations, there is no other person to whom the 'real' notice comes after an agent gets notice." *Id.* at 1237. The Court finds Plaintiff's reliance on this decision to be misplaced. Unlike the facts before this Court, the court in *Peterson* was dealing with a situation in which the intended defendant had expressly designated a nationwide firm specializing in service of process to be its registered agent. *Id.* ("When a firm *appoints* someone ... to be its agent for service of process, it is saying that this is the person whose knowledge counts") (emphasis added). It is beyond dispute here that Columbia was not designated or appointed by MTD to be its registered agent and thus the Court finds

*& Television Company, Inc.*, 875 F.2d 1021 (2d Cir.1989) (in denying plaintiff's motion to have the complaint relate back, court rejects the argument advanced by the plaintiff that service on wholly-owned subsidiary "agent" who actually mailed the complaint to the intended defendant constitutes sufficient notice so as to permit the relation back of the complaint under Rule 15(c)).[18]

■ Plaintiff's second argument claiming that MTD had notice of the suit in 1984 by virtue of the infrastructure between MTD and Columbia is akin to an "identity of interest" theory for satisfying the notice requirement. That theory has been characterized as:

> a judicial gloss on Rule 15(c) which provides that notice of the action to the original party constitutes constructive notice to the added party when the original and added parties are so closely connected in their business and other activities that it is fair to presume that the added party learned of the action from the notice given to the original party. *The theory is often applied where the original and added parties are ... two related corporations whose officers, directors or shareholders are substantially identical and who have similar names or share office space.*

*Gabriel v. Kent General Hospital, Inc.*, 95 F.R.D. 391, 394 n. 3 (D.Del.1982) (emphasis added), *citing Jimenez v. Toledo*, 604 F.2d 99 (1st Cir.1979).[19] *See also Advanced Power*, 801 F.Supp. at 1456 (notice may be imputed to parties after the expiration of the appropriate period when the original and added party are so closely connected that it is fair to presume that the added parties learned of the action shortly after it was commenced); *E.I. DuPont de Nemours v. Phillips Petroleum Co.*, 621 F.Supp. 310, 314 (D.Del.1985) (to satisfy notice requirement plaintiff need not show parent-subsidiary relationship but rather must show that the two corporations are sufficiently interrelated because notice of a pending action to one serves as notice to the other).

In essence, Plaintiff is attempting to allege that MTD and Columbia were so closely connected as a result of how MTD was structured that notice of this action to Columbia prior to the expiration of the 120 day period for service as required by Rule 4(j) automati-

---

the decision in *Peterson* to be of no value in reaching its decision.

**18.** In *Allbrand*, the Plaintiff, the Trustee in bankruptcy, sought to avoid preferential transfers made to an entity named "Caloric." *Allbrand*, 875 F.2d at 1022. Like the plaintiff in the present case, the Plaintiff in *Allbrand* learned through Caloric's answer that "Caloric" had not been independently incorporated at the time the alleged preferential transfers took place and therefore was not properly named as the defendant. *Id.* at 1023. Rather, the proper defendant was "Raytheon Company, Caloric Corporation division." *Id.* Plaintiff, who had named and served Caloric within the statute of limitations period, immediately moved to amend the complaint to name Raytheon (unlike the Plaintiff here who inexplicably delayed over seven years in seeking an amendment). *Id.* Although Raytheon received actual notice from Caloric by virtue of the fact that Caloric, acting as Raytheon's agent, mailed the complaint to counsel shared by both Raytheon and Caloric, the Court found that Raytheon did not receive notice of the action within the statute of limitations period, and thus, relying on *Schiavone*, the Court rejected plaintiff's petition for "relation back." *Id.* at 1024.

While the Court recognizes that the result in *Allbrand* would likely have been different under the 1991 amendment to Rule 15(c) because Raytheon received actual notice within the 120 day period provided by Rule 4(j), the rationale concerning *what constitutes sufficient notice* for purposes of satisfying Rule 15(c) remains unchanged. In particular, the Court rejected plaintiff's argument that *service* on Caloric constituted sufficient *notice* of the action on Raytheon via an agency relationship between Caloric and Raytheon. *Id.* (plaintiff's view that service on Caloric constitutes service on Raytheon, ignores the fact that whenever an amendment seeking to change a party is sought, the plain language of the Rule mandates that the new party receive *notice* of the action).

Likewise, this Court rejects Plaintiff's argument that service on Columbia constitutes notice as to MTD via an agency relationship between Columbia and MTD. To the extent that this conclusion is at odds with the legal analysis advanced by the Plaintiff, based on the decision in *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980), the Court declines to follow the *Kirk* rationale.

**19.** This reasoning is also applicable to that element of Rule 15(c) requiring that the party sought to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. *Kemper*, 1991 WL 125178, 1991 U.S. Dist. Lexis 8843, slip op. at 15, *citing Gabriel*, 95 F.R.D. 391.

cally imputes notice to MTD.[20] Further, as the Court understands Plaintiff's ultimate underlying posture, Defendant Columbia and intended Defendant MTD are essentially "one in the same" by virtue of the facts that Columbia was not a legal entity distinct from MTD and that MTD retained liability over suits against Columbia. D.I. 247 at 3.

Plaintiff relies heavily on the fact that MTD's standard operating procedure was designed so that its principal management would not receive any notice of patent matters brought against Columbia. In particular, Plaintiff points to the testimony from Mr. Campbell, the President of MTD, indicating that MTD and Columbia merged some of their legal work but that MTD knowingly acquiesced in Columbia's use of outside counsel for patent matters. D.I. 245 at 3, *citing* the September 16, 1992, Campbell Deposition Transcript, D.I. 257 at 6–8.[21] Plaintiff argues further that "[i]f MTD's principal management did not become aware of this law suit until sometime in 1987, as it claims, it was as a result of MTD's own 'head in the sand' management policies and not because plaintiffs originally named Columbia rather than MTD." D.I. 245 at 6 (emphasis in original).

To the extent that this Court should even evaluate an argument raised under the "identity of interest" doctrine,[22] Plaintiff's argument in this regard is fatally flawed. First, it is virtually indisputable that when Columbia's status as a separate corporation/subsidiary of MTD was changed so that Columbia became a division of MTD, there was no substantive change in Columbia's operating procedures. D.I. 256 at 12; D.I. 257 at 5–6. Columbia remained a highly autonomous operation whose principal management officers were not "substantially identical" to those of MTD's. Rather, both the Columbia division and MTD had their own management structures. *Id.* at 7. Further, Columbia (1) did not share the same corporate headquarters and support staff with MTD; (2) operated its own purchasing, sales, design and engineering functions; (3) retained its own independent outside counsel to handle patent matters; and (4) paid this counsel out of its own funds. *See generally, Id.* at 10–12; D.I. 256 at 12–24. Based on this record, the Plaintiff can point to nothing that undermines the conclusion that Columbia ran its own busi-

**20.** As noted previously, *supra* note 12, due to the 1991 amendment to Rule 15(c) changing the result in *Schiavone*, notice must have been given to the party sought to be named within the 120 day period for service provided under Rule 4(j) even if such period occurs after the statute of limitations has expired.

**21.** MTD used the Cleveland based firm of Woodling, Krost, Granger & Rust for its patent matters while Defendant Columbia referred patent matters to Chapin, Neal & Dempsey located in Springfield, Massachusetts. D.I. 257 at 7.

**22.** The Third Circuit in *Schiavone* determined that an amendment to correct a misnomer or misdescription of a party changes the party within the meaning of Rule 15(c) with the result being that the newly named party must be provided notice of the institution of the action whether or not there exists an "identity of interest" between the original party and the intended defendant. *Schiavone v. Fortune*, 750 F.2d 15, 17–18 (3rd Cir.1984). In reviewing this decision, the Supreme Court noted that the Third Circuit had rejected the identity of interest approach adopted by other Circuits whereby an "identity of interest" exception existed under which an amendment that substitutes a party in the complaint after the limitations period has expired will relate back to the time of the filing of the original complaint. *Schiavone*, 477 U.S. at 28 and n. 7, 106 S.Ct. at 2383 and n. 7. The court's opinion did not alter the Third Circuit's conclusion as it refused to pass judgment on the identity of interest issue. *Id.* at 29, 106 S.Ct. at 2384 (court held that *even if it were to adopt the identity of interest exception*, plaintiff could not have complaint relate back).

Thus, it is at least arguable that this Circuit does not recognize an identity of interest exception for satisfaction of Rule 15(c). *Cf., Colonial Mortgage Service Co. v. Aerenson*, 603 F.Supp. 323, 328 (D.Del.1985) (parties claim that a simple misnomer does not effectuate a change in party as contemplated by Rule 15(c) was rejected on the grounds that the Third Circuit in *Schiavone* had refused to fashion an identity of interest exception to the Rule's plain language). However, subsequent to the Third Circuit's *Schiavone* decision, some District Courts in this Circuit have continued to recognize that the "notice" provision of Rule 15(c) may be satisfied by showing an identity of interest between the original defendant and the intended defendant. *See, e.g., Advanced Power*, 801 F.Supp. at 1456; *E.I. DuPont*, 621 F.Supp. at 314.

Therefore, the Court here will consider whether notice to Columbia is properly deemed notice to MTD under Plaintiff's identity of interest theory.

ness, *id.* at 12, and thus did not share the sort of identity of interest with MTD that would necessarily impute notice of a suit served on Columbia to MTD. *Cf. Martz,* 244 F.Supp. at 254–55 (identity of interest theory espoused by plaintiff not sufficient notwithstanding that the named defendant and the intended defendant *had virtually identical names, and shared officers and shareholders* ) (emphasis added).[23]

Second, Plaintiff's reliance on the internal structure between MTD and Columbia as relates to how patent suits were handled is misplaced. *Accord, Allbrand,* 875 F.2d at 1025–26 (fact that in-house procedure for the handling of suit papers was done in accordance with the procedures established by the intended defendant held not sufficient to demonstrate a sufficient identity of interest between the party served and the intended defendant so as to allow notice to be imputed to the intended defendant). The mere fact that MTD acquiesced in allowing Columbia division to maintain its own counsel for patent matters in no way explains how MTD received either actual or constructive notice of this action in 1984. *Cf. Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir.1989) (motion to have amended complaint relate back to time of original complaint denied for failing to satisfy notice requirement of Rule 15(c) where original party named in the complaint and the party to be added *shared* the same counsel but there was no evidence that counsel notified party sought to be amended that they were likely to be named as a party). Here, the record plainly indicates that upon being served, Columbia division

through its agent, Mr. Huntoon, notified its outside counsel but did not notify anyone from MTD.

■■■ Lastly, having found that the Plaintiff has not satisfied the notice requirement under Rule 15(c), the Court need not reach the "prejudice" provision of Rule 15(c) to hold that the amendment should not relate back. *Cf., Gleason,* 869 F.2d at 694. The Court feels compelled to note for the record, however, its conclusion that MTD would indeed be prejudiced if forced to litigate on the merits at this point in the litigation.

"The prejudice cannot be simply that before [MTD] was not named in a lawsuit and now [it] is; the prejudice must relate to. a delayed defense." *Matter of Surf & Sand Const., Inc.,* 138 B.R. 454, 456 (Bkrtcy.D.Del. 1992), *accord, Hill v.. Equitable Bank, N.A.,* 109 F.R.D. 109, 112 (D.Del.1985) (party sought to be named must do more than claim prejudice, it must show that it was unfairly disadvantaged or deprived of the opportunity to present evidence which it would have offered had the amendment been timely), *citing Heyl & Patterson Intern. v. F.D. Rich Housing,* 663 F.2d 419, 426 (3rd Cir.1981). Here, Plaintiff's failure to give MTD adequate notice prejudices MTD in that it has not participated in any of the discovery or decision-making necessary to defend this action which is now in its advanced stages.[24] More significantly, Columbia's failure to amend the complaint in a timely manner denies MTD the right to maintain an action for purposes of levying a judgment against

---

**23.** The Court recognizes that MTD would ultimately remain liable in this suit against Columbia. *See* D.I. 257 at 22–23 (MTD's insurance carrier would pay if Columbia found liable). However, this fact in no way demonstrates *how MTD received notice* of the suit within the 120 day time period provided by Rule 4(j). In fact, the record shows that notice to MTD of its liability over Plaintiff's patent suit became apparent sometime in 1987 during communications that occurred in the course of the sale of Columbia's assets by MTD to Columbia Company. *See* D.I. 256 at 21–22 (Mr. Huntoon indicates that he only informed management of MTD of the pending patent suit in the winter months of 1987 when the possible sale of the Columbia division was being discussed); D.I. 257 at 13–14 (first time that the current president of MTD, David R. Campbell, was made aware of the Plaintiff's pat-

ent suit was when it was listed as an exhibit to a contract involved in the sale of Columbia's assets); D.I. 207, Exhibit B at 2 (in his capacity as the then president of MTD, John V. McFadden received various financial and other reports involving ongoing operations of Columbia but received no reports of the pending patent action in 1984 and only became aware of the patent suit in 1987 when the decision was made to sell the Columbia division to Columbia Company).

**24.** As a result of not receiving adequate notice, MTD also had no opportunity to be involved in the decision made by the Columbia division halting the manufacture and sale of the allegedly infringing products approximately one year after the suit was filed.

the Columbia division under its common law trade name pursuant to state law or Federal Rule of Civil Procedure 17(b) because of the fact that Columbia has ceased to exist and its successor corporation, Columbia Company, is in Chapter 11.

## CONCLUSION

Accordingly, because the Court finds that MTD did not have notice of the institution of this action, such that it would not be prejudiced in defending it on the merits, it denies Plaintiff's motion to amend the complaint.[25]

---

**25.** Finally, the Court observes that its Opinion in this matter has proceeded under the parameters of Rule 15(c), presuming in the first instance that the Court would exercise its discretion to grant leave to amend under Rule 15(a). The Court notes that such a presumption was *only* made due to the fact that MTD did not expressly challenge the Plaintiff's motion to amend under Rule 15(a). The Court wishes to note for the record that it could just as easily have exercised its sound discretion to deny Plaintiff's petition for leave to amend under Rule 15(a) on the grounds that Plaintiff's over seven and one-half year delay in bringing this motion is viewed by this Court as inexcusable neglect and that such neglect, when taken in conjunction with the severe prejudice that MTD would suffer by allowing amendment, is more than sufficient to deny Plaintiff leave to amend. *See* Wright, Miller & Kane, 6 *Federal Practice and Procedure* § 1488 at 659–62 n. 15 ("amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted would have the effect of prejudicing another party to the action") (citing cases).