Robert V. GEORGE, Plaintiff,

v.

HEK AMERICA, INC. and HEK Contractor's Machinery and Equipment Corp. a/k/a HEK Bouwmachinemij en Machinefabriek B.V., Defendants.

Civ. A. No. 93–F–2096.

United States District Court,
D. Colorado.

Jan. 28, 1994.

Robert V. George, plaintiff pro se.

Zachary G. Wilson, Moore, Smith & Williams, P.C., Fort Collins, CO, for defendants.

## ORDER REGARDING MOTION TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

This case involves claims of breach of contract. Jurisdiction is based on 28 U.S.C. § 1332. This matter comes before the Court on Plaintiff's *Motion To Amend Complaint Pursuant To Fed.R.Civ.P. Rule 15;* Plaintiff's *Motion To Extend Time To Respond To The Court's Minute Order To File A Separate Amended Complaint;* Defendants' *Motion To Dismiss Pursuant To F.R.C.P. 12(b),* which has been fully briefed by the parties; and Defendants' *Motion For Extension Of Time To Respond To Motion To Amend Complaint.*

## I. ANALYSIS

### A. Motion To Amend Complaint

■ At the outset, the Court grants Plaintiff's *Motion To Extend Time To Respond To Court's Minute Order To File Separate Amended Complaint.* Plaintiff's change of address delayed the delivery of the Court's minute order to Plaintiff's new address. Plaintiff is aware that he must inform the Court of any change in his address, and in this case did so, albeit belatedly. The late delivery of the Court's minute order was also due no doubt to the holidays.

■ Plaintiff has attempted to amend his original complaint twice previously; in each instance, the Court rejected the attempt for failure to comply with FED.R.CIV.P. 15. Plaintiff's *Motion To Amend Complaint Pursuant To Fed.R.Civ.P. Rule 15* complies with the rules. Plaintiff's motion seeks to add two additional corporate entities, both related to the original two defendants in this action.

Plaintiff contends that although he originally named the Dutch and American companies with whom he negotiated on the contracts that form the basis for his complaint, Defendant has provided Plaintiff with further information concerning the actual corporate structure of the defendant HEK companies. Thus, Plaintiff seeks to add as Defendants two Dutch corporations, HEK Manufacturing B.V. and HEK International Group, B.V. (which Defendant now states are, respectively, a fellow subsidiary of HEK America, Inc. and its parent corporation). Defendants will not be prejudiced if Plaintiff is allowed to amend his complaint to add these parties. Defendants also will not be prejudiced if their *Motion For Extension Of Time To Respond To Motion To Amend Complaint* is denied, as Plaintiff is simply adding entities that Defendants themselves have pointed to as being related parties. Plaintiff has understandably had difficulty ascertaining which companies were in fact the entities with which he allegedly did business. Defendants acknowledged the possibility of confusion regarding the identity of the various similarly-named and ever-changing corporations in their *Reply To Plaintiff's Objection To Motion To Dismiss.*

### B. Motion To Dismiss

#### 1. Standard for Motion to Dismiss

Under FED.R.CIV.P. 8(a)(2), a plaintiff is required to offer a short and plain statement of the claims against defendants. "This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069–70 (D.Colo. 1991), *aff'd,* 964 F.2d 1022 (10th Cir.1992) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)).

■ A claim should not be dismissed under FED.R.CIV.P. 12(b) unless a plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n,* 908 F.2d 578, 582 (10th Cir.1990).

The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. All of the plaintiff's pleadings must be liberally construed. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). As long as a plaintiff offers evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. *Fostvedt v. U.S., I.R.S.,* 824 F.Supp. 978, 985 (D.Colo.1993).

■ In addition, a *pro se* litigant's pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979). Plaintiff will be accorded the benefit of the doubt regarding his pleadings and his compliance with the Federal Rules of Civil Procedure, especially at this early stage of the proceedings.

## 2. Insufficiency Of Process—Invalid Summons

■ Defendants argue that because two different summonses were received by HEK America, each of which included a different time limit within which to answer or otherwise respond to the complaint, Plaintiff's complaint should be dismissed. Plaintiff mailed one summons to this Defendant in Colorado, and one to this Defendant in Delaware at its agent's address. The summons sent within the state contained a twenty-day time limit in which to answer, whereas the summons sent to Delaware contained a thirty-day time limit in which to answer. Defendants' contention that they therefore were confused and did not have a clear idea of when they should answer lacks sufficient merit to require dismissal of Plaintiff's complaint. Defendants were on notice that FED. R.CIV.P. 12(a) requires an answer within twenty days when service of process is made in-state, and that an answer is required within thirty days pursuant to FED.R.CIV.P. 12(a) and COLO.R.CIV.P. 12(a) if service of process is made out-of-state. At the very least, Defendants were required to answer within thirty days of the receipt of the summons. The ambiguity presented by the Plaintiff's having served the corporation at more than

one location does not require dismissal of the complaint.

## 3. Insufficiency Of Service Of Process—No Notice And Acknowledgement Forms

■ Defendants contend that service of process on HEK America was insufficient pursuant to FED.R.CIV.P. 4(c)(2)(C)(ii), because Plaintiff chose to use certified mail as allowed under the rule, but failed to include two notice and acknowledgment forms as required. Defendants are correct. Under 4(c)(2)(C)(ii), as Plaintiff mailed copies of the summons and complaint to the corporation, he had to include "two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender." The rule continues: "If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of the mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)." Plaintiff's alleged failure to include these forms does not require dismissal of his complaint. Rather, Plaintiff shall have thirty days in which to complete service according to FED.R.CIV.P. 4 on HEK America. This will extend the time limit provided in FED. R.CIV.P. 4(j), and the Court finds that, pursuant to FED.R.CIV.P. 4(j) and 6(b), there is good cause for such an extension. To avoid future difficulties, Plaintiff is strongly encouraged to effect service of the complaint and summons by personal service.

## 4. Insufficiency Of Service Of Process—Failure To Follow Convention Procedures

Defendants argue that Plaintiff's service of process on HEK B.V. was insufficient in that Plaintiff failed to follow the procedures outlined in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the Hague Convention). Defendants' argument is premature. Under FED.R.CIV.P. 4(j), Plaintiff has 120 days from the time he filed his complaint to effect service of the sum-

mons and complaint on Defendants. That time limit may be modified by the Court for good cause shown, as the Court has done in this case. More importantly, the time limitation set forth in 4(j) does not apply to service in a foreign country pursuant to FED.R.CIV.P. 4(i). Plaintiff contends that he has instituted the procedure to complete service of process on the Netherlands Defendant pursuant to the Convention. As the Court by this order has granted Plaintiff's *Motion To Amend Complaint,* Plaintiff has presumably not yet accomplished service on the two additional foreign defendants.[1]

### 5. Insufficiency Of Service Of Process—Failure To Serve Proper Person

Defendants next contend that Plaintiff's attempts to serve Defendant HEK B.V. through Mr. William Barrie (whom Defendants state is a former officer of HEK America), through HEK America's designated agent, C.T. Corporation of Delaware, and finally through Mr. Ernst Van Hek at Mr. Barrie's address in Colorado were defective. Defendant states that pursuant to FED. R.CIV.P. 4(d)(3), Plaintiff is required to serve "an officer, a managing agent or general agent, or [ ] any other agent authorized by appointment or by law to receive service of process." It appears that service through each of the above persons or entities or at the particular location was not an appropriate way to serve the summons and complaint on Defendant HEK B.V., which is located in the Netherlands. In any event, Plaintiff has stated that service on HEK B.V. is to take place in the Netherlands according to the Hague Convention. The Court again encourages Plaintiff to determine the parties on whom service may properly be effected, or their agents, and at that time to utilize personal service.

### 6. Failure To State A Claim Upon Which Relief Can Be Granted—Lack Of Individual Right Of Action

■ Defendants next allege that Plaintiff has no individual cause of action to pursue, and that any and all contracts that are the subject matter of this dispute must be prose-

cuted on behalf of the corporate entity Construction Machinery Capital Corporation, Inc. ("CMC"). However, Plaintiff's complaint contains allegations relating to contracts signed by him in his individual capacity as well as those signed by him as President of CMC. Not all alleged negotiations or alleged agreements were between Defendants and Plaintiff's solely owned corporation. Construing Plaintiff's complaint liberally, the Court cannot find at this juncture that Plaintiff's cause of action may not be brought by him as an individual.

### 7. Failure To Join An Indispensable Party

■ Defendants next contend that Plaintiff has failed to join an indispensable party, his company CMC. Plaintiff contends that CMC is not an indispensable party pursuant to FED.R.CIV.P. 19(b), as the corporation is dissolved; Plaintiff was the sole shareholder and is the successor in interest to the corporation; and Defendant would suffer no injury if CMC were not joined. Plaintiff's complaint references contracts entered into with Defendants on his own behalf as well as on behalf of the corporate entity CMC. It appears that CMC, although defunct, retains a cause of action pursuant to COLO.REV.STAT. § 7–8–122. However, CMC is not a necessary party pursuant to FED.R.CIV.P. 19(a). Upon examination of the pleadings at this stage of the proceedings, it is not possible to determine what interests, if any, CMC has or had in the instant contracts.

Defendants have stated no counterclaims against either Plaintiff or CMC, and it appears that complete relief can be afforded Plaintiff without the presence of CMC. CMC's interests, as distinct from those of Plaintiff, will not be impeded by its absence; Plaintiff has every reason to litigate forcefully and fully regarding the contracts at issue. In addition, Defendants will not be subject to a substantial risk of future multiple or inconsistent obligations. Contrary to Defendants' assertions, it is most likely that res judicata or collateral estoppel would affect any future

---

1. As the Court has accepted Plaintiff's *Amended Complaint* naming these two parties, Defendants' argument that service on Mr. Ernst Van Hek is insufficient to accomplish service of process as to these parties is presumably moot.

action brought by CMC. CMC could not relitigate the same claims, as Plaintiff both controlled CMC and is participating fully in this litigation. Based on the pleadings, CMC is in privity with Plaintiff, and Plaintiff might be considered CMC's "alter ego" or "virtual representative." *See, e.g., Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1124 (5th Cir.1987); *Balbirer v. Austin*, 790 F.2d 1524, 1526–27 & n. 1 (11th Cir.1986). *See also In re Air Crash at Stapleton Airport*, 720 F.Supp. 1505, 1521 (D.Colo.1989), *rev'd on other grounds, Johnson v. Continental Airlines Corp.*, 964 F.2d 1059 (10th Cir.1992) ("Absent some relationship of actual control or privity, collateral estoppel violates due process if asserted to deny non-parties a full and fair opportunity to litigate the issues previously decided against their interest."). In the present action, such control and privity appear to exist between Plaintiff and CMC.

### 8. Failure To Name A Proper Party/Failure To State A Claim Upon Which Relief Can Be Granted: HEK International Group B.V.

Defendants' final argument is that Plaintiff misnamed HEK America's Dutch corporate parent in his original complaint, in that he unintentionally named a subsidiary rather than the parent corporation. Defendants' *Motion To Dismiss* and *Reply* explain in confusing detail the various names and name changes that have taken place regarding HEK America's corporate relatives in the Netherlands over the past twenty-nine years. In light of the fact that the Court is allowing Plaintiff to amend his complaint, Defendants' arguments regarding misnomer of parties are no longer valid. Defendants concede that HEK Bouwmachinemij en Machinefabriek, B.V., which Plaintiff named in his original complaint, was the name that HEK Manufacturing, B.V. used until August 13, 1990. Also, HEK International Group, B.V. was known as HEK Bouwmachinemij en Machinefabriek, B.V. until October 3, 1980. Plaintiff's complaint and his *Motion To Amend Complaint* allege that he did business with two companies, one named HEK America, Inc. and one named HEK Bouwmachinemij en Machinefabriek, B.V., and exhibits attached to Plaintiff's complaint document this. The alleged contracts at issue were negotiated in the fall of 1989, and Plaintiff had been unclear for purposes of this action as to the present identity of the corporations with which he dealt at that time.

## II. ORDER

Accordingly, it is ORDERED that:

(1) Plaintiff's *Motion To Extend Time To Respond To Court's Minute Order To File A Separate Amended Complaint* is GRANTED;

(2) Plaintiff's *Motion To Amend Complaint* will be granted, and his *Amended Complaint* shall be filed through by the Clerk of the Court;

(3) Defendants' *Motion To Dismiss Pursuant to F.R.C.P. 12(b)* is DENIED;

(4) Defendants' *Motion For Extension Of Time To Respond To Plaintiff's Motion To Amend Complaint* is DENIED;

(5) Plaintiff shall effect proper service of process on the appropriate persons within thirty (30) days of the effective date of this order, as to Defendants within the United States. Plaintiff shall, if it becomes necessary, file a motion with the Court pursuant to FED.R.CIV.P. 6(b) if service cannot be effected prior to the time limit set by the Court. If Plaintiff fails to comply with the orders of the Court, this action may be dismissed without further notice to the parties.