In re Authur and Wrenda GALLIEN.

**Authur GALLIEN and Wrenda Gallien, Plaintiffs,**

v.

**SANWA LEASING CORPORATION a/k/a SANWA LEASING CORP., Defendant.**

**Bankruptcy No. 95–40554 S. Adversary No. 96–4084.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Aug. 4, 1997.

Raymond Harrill, Little Rock, AR, for defendant.

M. Randy Rice, Little Rock, AR, for debtors.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

This bankruptcy case was filed on September 25, 1995, and a plan confirmed on July 10, 1996. Neither the disclosure statement nor the plan contain any notice or other indication that the debtors intended to pursue an action against the defendant in this adversary proceeding. On May 3, 1996, prior to the confirmation of the plan, but after the filing of the disclosure statement and plan, the debtors commenced this adversary proceeding seeking to recover a preference. The suit was filed against Sanwa Business Credit Corporation, the parent corporation of Sanwa Leasing Corporation. The substitution of parties was not effected until after the confirmation of the plan.

### Jurisdiction of Issues in Confirmed Chapter 11 Cases

■ The Bankruptcy Code envisions very limited jurisdiction over a Chapter 11 case after confirmation of the plan. The purpose of post-confirmation jurisdiction is essentially and necessarily limited to protecting the order confirming the plan and preventing interference with the execution of the plan. A court retains jurisdiction over post-confirmation matters in a Chapter 11 case only to the extent provided in the plan. *In re Johns–Manville Corp.*, 7 F.3d 32 (2d Cir.

1993). Jurisdiction is further limited to those matters which will in fact affect the administration of the Chapter 11 plan. *See generally In re Cary Metal Products, Inc.,* 152 B.R. 927 (Bankr.N.D.Ill.1993), *aff'd,* 158 B.R. 459 (N.D.Ill.1993), *aff'd,* 23 F.3d 159 (7th Cir.1994).

■ The retention of jurisdiction is governed not only by the Bankruptcy Code, but, in the Chapter 11 context, by the terms of the plan of reorganization.[1] Indeed, the Bankruptcy court lacks subject matter jurisdiction over adversary proceedings commenced post-confirmation unless the plan expressly provides for retention of such jurisdiction. *In re Johns–Manville,* 7 F.3d 32 (2d Cir.1993).

### Provisions of The Chapter 11 Plan

Article XVI of the plan governs jurisdiction:[2]

*Jurisdiction of the Court.* The Court shall retain jurisdiction after confirmation of the plan: (a) to consider (and reconsider if appropriate) claims and objections thereto; (b) to fix expenses of administration and compensation therefor; (c) to hear and determine *any dispute* arising under or relating to the plan or arising under or relating to this Chapter 11 reorganization case *pending on the date of confirmation of the plan;* (d) to enforce all discharge provisions of the plan; (3) to make such orders and directions pursuant to 11 U.S.C. §§ 1127 and 1142 as may be necessary or appropriate; and (f) to hear all avoidance actions, fraudulent conveyances, or other matters involving claims or rights of the Debtors or their estate against cred-

---

1. Although the debtor speaks to the intent of the plan, the intent of the plan, or the intent of the debtors' in drafting the plan, is irrelevant.

2. The plan also provides that

All rights pursuant to all sections of Bankruptcy Code including but not limited to, 11 U.S.C. § 522, 544, 545, 546, 547 and 548 and all other claims or causes of actions of the Debtors existing at the time of filing their Bankruptcy Petition are hereby preserved by the Debtors for the benefit of their creditors in existence at the time of filing, except as otherwise provided.... All pro-

ceeds generated from the prosecution or settlement of such Claims and/or causes of action shall first be applied against the reasonable fees and expenses associated with the prosecution and/or settlement of such claims and/or causes of action, and second, any remainder applied against the outstanding balance of the Unsecured Creditors.

*Article XII.* Although this provision provides generally for retention of rights of action, the more specific provision, Article XVI, requiring that the matter be pending or otherwise expressly disclosed, governs jurisdiction.

itors or other interested parties *specifically reserved by the Debtors under the plan.* (Emphasis added.) Under this provision of the plan, the Court retains jurisdiction of disputes relating to the case which were pending on the date of confirmation, Article XVI(c), which, it would appear, would include this adversary proceeding, and retains jurisdiction to hear avoidance actions which are specifically reserved in the plan, Article XVI(f).

While the defendants may be correct that section (f) of this article requires that matter be specifically reserved in the plan, and the plan does not specifically reserve this action, subsection (c) offers an alternative source of jurisdiction. Since that provision in fact provides for retention of jurisdiction of pending matters, this Court must determine whether this adversary proceeding was "pending" on the date of confirmation.

### Parties to the Separate Adversary Proceeding

This adversary proceeding was commenced on May 3, 1996, by the filing of a complaint against "Sanwa Business Credit Corporation a/k/a Sanwa Leasing, Inc. a/k/a Sanwa General Equipment Leasing, Inc." The defendant filed an answer on June 24, 1996, denying that it was known by any other name. The defendant asserted as affirmative defenses that it was not the proper party defendant and that it never conducted business with the plaintiffs. The plan was confirmed on July 10, 1996, two days before an amended complaint was filed adding a count for fraudulent conveyance, but retaining the same party defendant. An answer to the amended complaint was filed on August 6, 1996, asserting the same affirmative defenses. On August 26, 1996, the defendant filed a motion for an extension of pretrial deadlines established by the Court. In the motion, the defendant stated:

> There is a defect in parties in this Adversary Proceeding. The plaintiffs have been repeatedly advised by counsel for Sanwa Business Credit Corporation, that Plaintiffs have sued the wrong corporation.... Reference to the Lease which is the subject of the business relationship of the Plaintiffs, and for which the alleged prefer-

ential payment was made would reflect that the Plaintiffs did business with Sanwa Business Leasing Corporation. Sanwa Leasing Corporation is not the same corporation as the within Defendant Sanwa Business Credit Corporation.

On the same date, the plaintiffs submitted a motion to amend and substitute parties. The motion indicated that, upon receiving proof that the businesses, Sanwa Business Credit Corporation and Sanwa Leasing Corporation were in fact separate corporate entities, plaintiffs would dismiss Sanwa Business Credit Corporation as a party defendant. Sanwa Leasing Corporation was served with a copy of the motion and all prior pleadings. Subsequently, the parties each signed and submitted for the Court's consideration and signature a document entitled Agreed Order, which stated:

> Plaintiffs, Authur Gallien and Wrenda Gallien, through their attorney, M. Randy Rice and the defendants, Sanwa Business Credit Corp. And Sanwa Leasing Corporation a/k/a Sanwa Leasing Corp., through their attorneys, Platzer, Fineberg & Swergold hereby advise the Court that they have agreed to an amendment and substitution of the pleading to reflect the proper party in this case....
>
> 2. That the names of Sanwa Business Credit Corp. And Sanwa Leasing, Inc. shall be corrected and substituted to be Sanwa Leasing Corporation a/k/a Sanwa Leasing Corp. and Sanwa Leasing Corporation a/k/a Sanwa Leasing Corp. shall become the defendant in this action.
>
> 3. That counsel for Sanwa Business Credit Corp. will also serve as counsel for Sanwa Leasing Corporation a/k/a Sanwa Leasing Corp. The effect of this agreement and Order of substitution of parties shall be that Sanwa Leasing Corporation a/k/a Sanwa Leasing Corp. shall become the properly served defendant to this action.

Since the plan provides for retention of jurisdiction of pending matters, this Court must determine whether the matter was pending, *i.e.,* whether the "amendment and substitution of the pleading to reflect the proper party" relates back to the pre-confirmation

date of the commencement of the action, May 3, 1996.

### Relation Back under Rule 7015

■ Rule 15(c), Federal Rules of Civil Procedure, incorporated by Rule 7015, provides in pertinent part:

*Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when* * *

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m)[3] for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against the party.

Fed.R.Civ.Proc. 15(c)(2), (3).

(1) The amendment effects a change of the party or the naming of the party.

■ This element is liberally construed, *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1456 & ns. 6 & 7 (E.D.Pa.1992), and permits not only correcting the name of a properly served party, but also permits "changing" a party, Fed. R.Civ.Proc. 15(c) ("An amendment ... relates back ... when the amendment *changes the party or the naming of the party* ....")(emphasis added). "Changing" a party includes adding a party, dropping a party, substituting a party, changing the allegations of the capacity of a party, or merely correcting the name of a defendant who was properly served, *i.e.,* correcting a misnomer. *See generally* Wright, Miller & Kane *Federal Civil Practice and Procedure* § 1498.

(2) The claim asserted against the new party arose out of the same conduct, transaction or occurrence as the previously named party.

There is no dispute as to this element. The plaintiffs did not make any new allegations in the proposed amendment. Rather, they merely seek to substitute the parties.

(3) The newly named party received notice of the suit, within 120 days of the filing of the complaint, such that it will not be prejudiced in maintaining defense on the merits.

■ The mere fact that there was some delay in the party being brought into the litigation or that it was not initially named does not create prejudice within the meaning of this rule. *In re Convertible Rowing Exerciser Patent Litigation,* 817 F.Supp. 434, 442 (D.Del.1993). Rather, the prejudice must effect a particular harm, such as denying the party an opportunity to participate in discovery or in the decision-making necessary to defend the action at trial. *See id.* In the instant case, no prejudice is shown. The substituted party was formally brought into the litigation in August 1996, ten months prior to the time this issue was even raised. Sanwa Leasing Corporation's answer was virtually identical to that of the original defendant, Sanwa Business Credit Corporation. The defendant has been in the litigation during the majority of its pendency, has participated in discovery, and has been the party to formulate the defense and strategy. Accordingly, no prejudice exists in the substitution of parties.

(4) Within the 120 days of the filing of the complaint, the newly named party knew or should have known that the action would have been brought against it, but for the mistake concerning the identity of the proper party.

■ The requirement of notice is the "lynchpin" of any determination under rule 15(c) because it is "intimately connected with the policy of the statute of limitations," the purpose of which is to protect defendants from claims of which no notice was given within a reasonable time. *Advanced*

---

**3.** Rule 4(m) requires that the summons and complaint be made upon a defendant within 120 days

after the filing of the complaint.

*Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1456 (E.D.Pa.1992). The notice need not be formal and may be imputed where there is an identity of interest. *Id.* at n. 10. Indeed, the notice is often imputed where the substitution or addition of parties regards related corporations, with similar names and whose attorneys are the same. *See, e.g., George v. HEK America, Inc.,* 157 F.R.D. 489 (D.Colo.1994)("simply adding entities that defendants themselves have pointed to as being related parties. Plaintiff has understandably had difficulty ascertaining which companies were in fact the entities with which he allegedly did business. Defendants acknowledged the possibility of confusion regarding the identity of various similarly named and ever-changing corporations . . ."); *Advanced Power Systems,* 801 F.Supp. 1450; *cf. In re Convertible Rowing Exerciser Patent Litigation,* 817 F.Supp. 434 (D.Del.1993)(corporation could not be substituted for the named highly autonomous division with its own attorneys); *Walton v. Waldron,* 886 F.Supp. 981 (N.D.N.Y.1995)(informal notice through county attorney who represented original defendants and would represent additional defendants).

In the instant case, the new party had notice within the 120 days of the filing of the complaint as required by Rule 15(c). Further, the defendant had constructive notice of not only the claim, but the pendency of the suit. The original party is the parent of the added party and is represented by the same counsel. The defendant itself points out that it was aware of the litigation in its August 26, 1996, motion in which it stated that it *repeatedly* advised plaintiff of the proper party to be sued. Finally, it is noteworthy that the defendant not only agreed to the substitution, characterizing the amendment as a correction and substitution, it in fact appears to have advocated the substitution.[4]

---

4. This same analysis applies to the notice requirements described in *Harstad v. First American Bank,* 39 F.3d 898 (8th Cir.1994), such that Sanwa Leasing Corporation clearly was on notice that the debtors would be asserting a claim against it. Sanwa Business Credit Corporation assertion from the beginning of the litigation that it was the incorrect party, and that its subsidiary, Sanwa Leasing Corporation was the proper par-

## Conclusion

The substitution of the parties, effected on September 4, 1996, by an Agreed Order, relates back, pursuant to Rule 15(c), to the original date of the filing of the complaint, May 3, 1996. Inasmuch as the amendment relates back, as against this party defendant, Sanwa Leasing Corporation, on July 10, 1996, the matter was pending when the plan was confirmed. Since the matter was pending on the date of confirmation, and the plan provides for retention of jurisdiction of matters pending on that date, the Court has jurisdiction over this adversary proceeding.

**ORDERED** that the Court has jurisdiction over this proceeding. Trial shall be re-set by separate notice.

**IT IS SO ORDERED.**

---

ty, is in marked contrast to its argument that there was "no way for Sanwa to discern the Debtor's intent." This fact, combined with the fact that defendant raised this issue for the first time nearly one year after confirmation and nine months after it became a party to the action, makes its arguments, at a minimum, rather disingenuous.